

ZACHARY W. CARTER
Corporation Counsel

THE CITY OF NEW YORK

LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, N.Y. 10007

TOBIAS E. ZIMMERMAN
phone: (212) 356-2661
fax: (212) 356-3509
tzimmerm@law.nyc.gov

December 8, 2015

**VIA ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Darlene Cook v. City of New York, et al.</u>
            15-CV-6559 (ILG) (CLP)

Your Honor:

    I am the Senior Counsel in the Special Federal Litigation Division of the New York City Law Department representing the City of New York in the above-referenced matter.[1]  Defendant writes to respectfully request an enlargement of time, from December 10, 2015 to and including February 8, 2016, within which the City may answer or otherwise respond to the Complaint. This is the City's first request for an enlargement of time to respond to the Complaint.  Plaintiff's counsel, Ryan Lozar, Esq., consents to the requested enlargement.

    By way of background, Plaintiff alleges that, on March 11, 2014, several New York City Police Officers, including Arturo Gomez, the individually named defendant, stopped her outside her residence and requested that they allow them entry.  She claims that she was arrested after she declined to open the door for the officers.  Plaintiff alleges that there was no probable cause or other legal basis for her arrest.  Plaintiff further alleges that she was held for twenty-four (24) hours before arraignment, and that as a result of this incident she suffered emotional trauma and damage to her reputation.

    Plaintiff served the Complaint on the City on or about November 19, 2015, and the City's deadline to answer is therefore on or about Thursday December 10, 2015.  Before the City can adequately respond to the Complaint, it will need to conduct an investigation into the facts of the case.  Accordingly, this Office must obtain records of the arrest and any underlying criminal

---

[1] This case is primarily assigned to Assistant Corporation Counsel John L. Garcia, who is presently awaiting admission to the bar and will be handling this matter under supervision.  Mr. Garcia may be contacted directly at (212) 356-5053 or johgarci@law.nyc.gov.

investigation that may be in the possession of the New York City Police Department. The Complaint also alleges involvement by the Administration for Child Services ("ACS"), and records may also be needed from that agency. If such records exist, they are likely to be sealed pursuant to New York Criminal Procedure Law § 160.50 as well as other provisions. Plaintiff has provided a signed release allowing this Office to access records sealed under § 160.50, but a further release may be necessary to obtain records from ACS. Accordingly, the City respectfully requests that the Court grant this application for an enlargement so that the City can obtain the underlying documents from the relevant agencies in order to properly investigate the allegations of the Complaint and fulfill our obligations under Rule 11 of the Federal Rules of Civil Procedure.

In addition to the City, the Complaint purports to name Police Officer Gomez as well as three unidentified officers. This Office has not yet received a request for legal representation from Officer Gomez.[2] Assuming such a request is received then, pursuant to Section 50-k of the New York General Municipal Law, this Office must determine, based on a review of the case, whether we can provide representation to the individual Defendant. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). That individual must then determine whether he wishes to be represented by this Office. If an individual City employee is properly served and elects representation by this Office, we must obtain his or her written authorization before commencing that representation. While we do not, at present, represent the Officer Gomez, and therefore cannot request relief on his behalf, we suggest for the sake of efficiency that the Court, *sua sponte*, enlarge Office Gomez's time to answer to be the same as the City's, so that his defenses are not jeopardized.

For the foregoing reasons, the City respectfully requests that the Court enlarge its time, and *sua sponte* enlarge the individual defendant's time, to answer or otherwise respond to the Complaint to and including February 8, 2016. This application does not affect any other deadline in the case.

Defendant thanks the Court for its consideration herein.

Respectfully submitted,

Tobias E. Zimmerman
*Senior Counsel*
Special Federal Litigation Division

cc:   Ryan Lozar, Esq. (**via ECF**)
      *Attorney for Plaintiff*

---

[2] It is not presently known whether Police Officer Gomez has been served with a Summons and copy of the Complaint.