```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
```

DARLENE COOK,

                                      Plaintiff,

           -against-

CITY OF NEW YORK, P.O. ARTURO GOMEZ, P.O.
JOHN AND JANE DOE 1-3,

                                      Defendants.

**ANSWER TO THE COMPLAINT BY DEFENDANTS CITY OF NEW YORK AND GOMEZ**

15 CV 6559 (ILG) (CLP)

**JURY TRIAL DEMANDED**

```
------------------------------------------------------------------------ x
```

        **PLEASE TAKE NOTICE**, that Defendants City of New York and Police Officer Arturo Gomez, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations contained in paragraph "1" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court and proceed as stated therein.

        2.     Deny the allegations contained in paragraph "2" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3.     Deny the allegations contained in paragraph "3" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.     Deny the allegations contained in paragraph "4" of the Complaint, except admit that Plaintiff purports to lay venue as stated therein.

        5.     Paragraph "5" of the Complaint contains Plaintiff's demand for a jury trial, to which no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

7. Deny the allegations contained in paragraph "7" of the Complaint, except admit that the City of New York is a municipal corporation duly organized under the laws of the State of New York.

8. Deny the allegations contained in paragraph "8" of the Complaint, except respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between Defendant City and the New York City Police Department.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint as they pertain to unidentified defendants, except admit that, on or about March 11, 2014, Defendant Gomez was employed by the New York City Police Department and held the rank of Police Officer, and further admit that Plaintiff purports to sue Defendant Gomez in his individual and official capacities.

10. Paragraph "10" of the Complaint contains conclusions of law to which no response is required.

11. Paragraph "11" of the Complaint contains conclusions of law to which no response is required.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

16. Deny the allegations contained in paragraph "16" of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

18. Admit the allegations contained in paragraph "18" of the Complaint.

19. Deny the allegations contained in paragraph "19" of the Complaint.

20. Admit the allegations contained in paragraph "20" of the Complaint.

21. Deny the allegations contained in paragraph "21" of the Complaint.

22. Deny the allegations contained in paragraph "22" of the Complaint.

23. Deny the allegations contained in paragraph "23" of the Complaint, except admit that plaintiff was arrested on March 11, 2014 at 10:00 p.m.

24. Deny the allegations contained in paragraph "24" of the Complaint.

25. Deny the allegations contained in paragraph "25" of the Complaint.

26. Deny the allegations contained in paragraph "26" of the Complaint.

27. Deny the allegations contained in paragraph "27" of the Complaint, except admit on March 11, 2014, plaintiff was arrested for Obstruction of Governmental Administration in the Second Degree.

28. Deny the allegations contained in paragraph "28" of the Complaint, except admit that plaintiff accepted an adjournment in contemplation of dismissal.

29. Deny the allegations contained in paragraph "29" of the Complaint.

30. Deny the allegations contained in paragraph "30" of the Complaint.

31. Deny the allegations contained in paragraph "31" of the Complaint insofar as it contains averments of fact; insofar as paragraph "31" contains conclusions of law, no response is required.

32. Deny the allegations contained in paragraph "32" of the Complaint, except respectfully refer the Court to the opinion cited by plaintiff for a full and accurate recitation of the text.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint.

34. Deny the allegations contained in paragraph "34" of the Complaint.

35. Deny the allegations contained in paragraph "35" of the Complaint.

36. Paragraph "36" of the Complaint contains conclusions of law to which no response is required.

37. Deny the allegations contained in paragraph "37" of the Complaint.

38. Deny the allegations contained in paragraph "38" of the Complaint insofar as it contains averments of fact; insofar as paragraph "38" contains conclusions of law, no response is required.

39. Deny the allegations contained in paragraph "39" of the Complaint insofar as it contains averments of fact; insofar as paragraph "39" contains conclusions of law, no response is required.

40. Deny the allegations contained in paragraph "40" of the Complaint, except admit that plaintiff purports to seek the relief stated therein.

41. In response to the allegations contained in paragraph "41" of the Complaint, defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

42. Deny the allegations contained in paragraph "42" of the Complaint insofar as it contains averments of fact; insofar as paragraph "42" contains conclusions of law, no response is required.

43. Deny the allegations contained in paragraph "43" of the Complaint insofar as it contains averments of fact; insofar as paragraph "43" contains conclusions of law, no response is required.

44. Deny the allegations contained in paragraph "44" of the Complaint.

45. In response to the allegations contained in paragraph "45" of the Complaint, defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

46. Deny the allegations contained in paragraph "46" of the Complaint.

47. Deny the allegations contained in paragraph "47" of the Complaint insofar as it contains averments of fact; insofar as paragraph "47" contains conclusions of law, no response is required.

48. Deny the allegations contained in paragraph "48" of the Complaint.

49. In response to the allegations contained in paragraph "49" of the Complaint, defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of the Complaint as they pertain to unidentified

defendants, except deny the allegations contained in paragraph "50" of the Complaint as they pertain to Defendant Gomez.

51. Deny the allegations contained in paragraph "51" of the Complaint.

52. Deny the allegations contained in paragraph "52" of the Complaint insofar as it contains averments of fact; insofar as paragraph "52" contains conclusions of law, no response is required.

53. Deny the allegations contained in paragraph "53" of the Complaint.

54. In response to the allegations contained in paragraph "54" of the Complaint, defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

55. Deny the allegations contained in paragraph "55" of the Complaint insofar as it contains averments of fact; insofar as paragraph "55" contains conclusions of law, no response is required.

56. Deny the allegations contained in paragraph "56" of the Complaint insofar as it contains averments of fact; insofar as paragraph "56" contains conclusions of law, no response is required.

57. Deny the allegations contained in paragraph "57" of the Complaint.

58. Deny the allegations contained in paragraph "58" of the Complaint.

59. Deny the allegations contained in paragraph "59" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE:**

60. The complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

61. There was probable cause for Plaintiff's arrest, detention, and prosecution.

### THIRD AFFIRMATIVE DEFENSE:

62. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of Defendant City or Defendant Gomez.

### FOURTH AFFIRMATIVE DEFENSE:

63. Defendants City and Gomez have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### FIFTH AFFIRMATIVE DEFENSE:

64. Defendant Gomez has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE:

65. At all times relevant to the acts alleged in the complaint, defendant Gomez acted reasonably in the proper and lawful exercise of his discretion

### SEVENTH AFFIRMATIVE DEFENSE:

66. At all times relevant to the incident, Defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, Defendant City of New York is entitled to governmental immunity.

### EIGHTH AFFIRMATIVE DEFENSE:

67. Punitive damages cannot be assessed against Defendant City of New York.

**WHEREFORE,** Defendants City of New York and Police Officer Gomez request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       February 9, 2016

**ZACHARY W. CARTER**
Corporation Counsel of the City of New York
*Attorney for Defendants City and Gomez*
100 Church Street
New York, New York 10007
(212) 356-2661

By: _____
    Tobias E. Zimmerman
    *Senior Counsel*
    Special Federal Litigation Division

cc: Ryan Lozar, Esq. (**via ECF**)
    *Attorney for Plaintiff*