UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

DARLENE COOK and SHAQUEENA COOK,

                                   Plaintiffs,

-against-

CITY OF NEW YORK, P.O. ARTURO GOMEZ, Tax No. 954876, P.O. EDWARD LEISENGANG, Tax No. 938843, and JOHN/JANE DOE 1-10,

                                   Defendants.

------------------------------------------------------------------- x

**ANSWER TO THE FIRST AMENDED COMPLAINT BY DEFENDANTS CITY OF NEW YORK, GOMEZ, AND LEISENGANG**

15 CV 6559 (ILG) (CLP)

**JURY TRIAL DEMANDED**

      **PLEASE TAKE NOTICE** that Defendants City of New York, Police Officer Arturo Gomez, and Sergeant Edward Leisengang, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the First Amended Complaint (hereinafter "FAC"), respectfully allege, upon information and belief, as follows:

      1.     Deny the allegations contained in paragraph "1" of the FAC, except admit that Plaintiffs purport to proceed as stated therein.

      2.     Deny the allegations contained in paragraph "2" of the FAC, except admit that Plaintiffs purport to invoke the jurisdiction of the Court and proceed as stated therein.

      3.     Deny the allegations contained in paragraph "3" of the FAC, except admit that Plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

      4.     Deny the allegations contained in paragraph "4" of the FAC, except admit that Plaintiffs purport to lay venue as stated therein.

      5.     Paragraph "5" of the FAC contains Plaintiffs' demand for a jury trial, to which no response is required.

6. Deny the allegations contained in paragraph "6" of the FAC, except admit that on or about March 11, 2014, Plaintiff Darlene Cook resided at 9720 Kings Highway, Apt. SL1, Brooklyn, New York 11212 (hereinafter "9720 Kings Highway").

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the FAC, except admit that on or about March 11, 2014, Plaintiff Shaqueena Cook was arrested at or in the vicinity of 9720 Kings Highway.

8. Deny the allegations contained in paragraph "8" of the FAC, except admit that the City of New York is a municipal corporation duly organized under the laws of the State of New York.

9. Deny the allegations contained in paragraph "9" of the FAC, except respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between Defendant City and the New York City Police Department ("NYPD").

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the FAC as they pertain to unidentified defendants, except, insofar as pargaph "10" of the FAC sets forth allegations of fact, admit that, on or about March 11, 2014, Defendant Gomez was employed by NYPD and held the rank of Police Officer, and Defendant Leisengang was employed by NYPD and held the rank of Sergeant, and further admit that Plaintiffs purport to sue the Defendant-officers in their individual and official capacities; insofar as the allegations contained in paragraph "10" of the FAC are conclusions of law, no response is required.

11. Paragraph "11" of the FAC contains conclusions of law to which no response is required.

12. Deny the allegations set forth in paragraph "12" of the FAC insofar as it contains averments of fact; insofar as paragraph "12" of the FAC contains conclusions of law, no response is required.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the FAC, except admit that on March 11, 2014, Plaintiffs were arrested outside of 9720 Kings Highway.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the FAC.

15. Deny the allegations contained in paragraph "15" of the FAC, except admit that on or about March 11, 2014, Child Protective Specialist ("CPS") Cerissa Wright of the New York City Administration for Children's Services ("ACS") was involved in monitoring the welfare of one or more child or children of Shaqueena Cook.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the FAC.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the FAC.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the FAC.

19. Admit the allegations contained in paragraph "19" of the FAC.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the FAC.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the FAC.

22. Admit the allegations contained in paragraph "22" of the FAC.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the FAC, except admit that on or about March 10, 2014 a woman named "Cleopatra Cook" died.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the FAC.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the FAC, except admit that Plaintiff Shaqueena Cook and C.C. and M.C. were present at 9720 Kings Highway on March 11, 2014.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the FAC.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the FAC.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the FAC.

29. Deny the allegations contained in paragraph "29" of the FAC, except admit that CPS Wright and ACS supervisor Dawson went to 9720 Kings Highway to conduct an emergency removal of Plaintiff Shaqueena Cook's newborn son, and further admit that Officer Gomez, Sgt. Leisengang, and other NYPD officers arrived on scene after Plaintiffs refused to admit entry to the ACS employees.

30. Deny the allegations contained in paragraph "30" of the FAC, except admit that various NYPD members spoke to Plaintiffs at different times.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the FAC, except admit that NYPD members asked Plaintiff Darlene Cook for entry into 9720 Kings Highway.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations the allegations contained in paragraph "32" of the FAC; except admit that Darlene Cook did not open the door, and further admit that no warrant had been issued for 9720 Kings Highway.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the FAC.

34. Deny the allegations set forth in paragraph "34" of the FAC insofar as it contains averments of fact, except admit that Sgt. Leisengang instructed other officers to place Plaintiffs under arrest; insofar as paragraph "34" of the FAC contains conclusions of law, no response is required.

35. Deny the allegations contained in paragraph "35" of the FAC.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the FAC, except admit that eventually NYPD members and ACS employees gained access to 9720 Kings Highway.

37. Deny the allegations contained in paragraph "37" of the FAC.

38. Deny the allegations contained in paragraph "38" of the FAC.

39. Deny the allegations contained in paragraph "39" of the FAC.

40. Deny the allegations contained in paragraph "40" of the FAC, except admit that Plaintiff Darlene Cook was in City custody prior to arraignment for approximately 21 hours and

14 minutes, and deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff Shaqueena Cook.

41. Deny the allegations set forth in paragraph "41" of the FAC insofar as it contains averments of fact; insofar as paragraph "41" of the FAC contains conclusions of law, no response is required.

42. Deny the allegations set forth in paragraph "42" of the FAC insofar as it contains averments of fact; insofar as paragraph "42" of the FAC contains conclusions of law, no response is required.

43. Deny the allegations contained in paragraph "43" of the FAC insofar as it contains averments of fact; insofar as paragraph "43" contains conclusions of law, no response is required.

44. Deny the allegations contained in paragraph "44" of the FAC, except respectfully refer the Court to the opinion cited by Plaintiff for a full and accurate recitation of the text.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the FAC.

46. Deny the allegations contained in paragraph "46" of the FAC.

47. Deny the allegations contained in paragraph "47" of the FAC insofar as it contains averments of fact; insofar as paragraph "47" contains conclusions of law, no response is required.

48. Deny the allegations contained in paragraph "48" of the FAC insofar as it contains averments of fact; insofar as paragraph "48" contains conclusions of law, no response is required.

49. Deny the allegations contained in paragraph "49" of the FAC insofar as it contains averments of fact; insofar as paragraph "49" contains conclusions of law, no response is required.

50. Deny the allegations contained in paragraph "50" of the FAC insofar as it contains averments of fact; insofar as paragraph "50" contains conclusions of law, no response is required.

51. Deny the allegations contained in paragraph "51" of the FAC insofar as it contains averments of fact; insofar as paragraph "51" contains conclusions of law, no response is required.

52. Deny the allegations contained in paragraph "52" of the FAC, except admit that Plaintiff purports to seek the relief stated therein.

53. In response to the allegations contained in paragraph "53" of the FAC, Defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

54. Deny the allegations contained in paragraph "54" of the FAC insofar as it contains averments of fact; insofar as paragraph "54" contains conclusions of law, no response is required.

55. Deny the allegations contained in paragraph "55" of the FAC insofar as it contains averments of fact; insofar as paragraph "55" contains conclusions of law, no response is required.

56. Deny the allegations contained in paragraph "56" of the FAC.

57. In response to the allegations contained in paragraph "57" of the FAC, Defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

58. Deny the allegations contained in paragraph "58" of the FAC insofar as it contains averments of fact; insofar as paragraph "58" contains conclusions of law, no response is required.

59. Deny the allegations contained in paragraph "59" of the FAC.

60. Deny the allegations contained in paragraph "60" of the FAC insofar as it contains averments of fact; insofar as paragraph "60" contains conclusions of law, no response is required.

61. Deny the allegations contained in paragraph "61" of the FAC.

62. In response to the allegations contained in paragraph "62" of the FAC, Defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

63. Deny the allegations contained in paragraph "63" of the FAC.

64. Deny the allegations contained in paragraph "64" of the FAC insofar as it contains averments of fact; insofar as paragraph "64" contains conclusions of law, no response is required.

65. Deny the allegations contained in paragraph "65" of the FAC insofar as it contains averments of fact; insofar as paragraph "65" contains conclusions of law, no response is required.

66. Deny the allegations contained in paragraph "66" of the FAC.

67. In response to the allegations contained in paragraph "67" of the FAC, Defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

68. Deny the allegations contained in paragraph "68" of the FAC insofar as it contains averments of fact; insofar as paragraph "68" contains conclusions of law, no response is required.

69. Deny the allegations contained in paragraph "69" of the FAC.

70. Deny the allegations contained in paragraph "70" of the FAC.

71. Deny the allegations contained in paragraph "71" of the FAC.

72. Deny the allegations contained in paragraph "72" of the FAC.

### FIRST AFFIRMATIVE DEFENSE:

73. The FAC fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

74. There was probable cause for Plaintiffs' arrests, detentions, and prosecutions.

### THIRD AFFIRMATIVE DEFENSE:

75. Any injury alleged to have been sustained resulted from Plaintiffs' own culpable or negligent conduct, or the culpable or negligent conduct of third-parties, and was not the proximate result of any act of Defendants.

### FOURTH AFFIRMATIVE DEFENSE:

76. Defendants City, Gomez, and Leisengang have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### FIFTH AFFIRMATIVE DEFENSE:

77. Defendants Gomez and Leisengang have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE:

78. At all times relevant to the acts alleged in the FAC, Defendants Gomez and Leisengang acted reasonably in the proper and lawful exercise of their discretions.

### SEVENTH AFFIRMATIVE DEFENSE:

79. At all times relevant to the incident, Defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, Defendant City of New York is entitled to governmental immunity.

### EIGHTH AFFIRMATIVE DEFENSE:

80. Punitive damages cannot be assessed against Defendant City of New York.

**WHEREFORE,** Defendants City of New York, Police Officer Gomez, and Sergeant Leisengang request judgment dismissing the FAC in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 20, 2016

**ZACHARY W. CARTER**
Corporation Counsel of the City of New York
*Attorney for Defendants City, Gomez, and Leisengang*
100 Church Street
New York, New York 10007
(212) 356-5053

By: _____
John L. Garcia
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: Ryan Lozar, Esq. (**via ECF**)
*Attorney for Plaintiffs*