15 CV 6559 (ILG) (CLP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DARLENE COOK AND SHAQUEENA COOK,

                 Plaintiffs,

-against-

CITY OF NEW YORK, P.O. ARTURO GOMEZ, Tax No. 954876, P.O. EDWARD LEISENGANG, Tax No. 938843, and JOHN/JANE DOE 1-10,

                 Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND

**ZACHARY W. CARTER**
*Corporation Counsel of the City of New York*
*Attorney for Defendants City, Gomez, and Leisengang*
100 Church Street
New York, New York 10007

Of Counsel: John L. Garcia
Tel: (212) 356-5053
Reference No. 2016-050009

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i
PRELIMINARY STATEMENT .................................................................................................... 1
ARGUMENT .................................................................................................................................. 3
    POINT I ..................................................................................................................................... 3
        THE NEW CLAIMS IN PLAINTIFFS' PROPOSED SECOND AMENDED
        COMPLAINT ARE FUTILE AS THEY FAIL TO STATE A CLAIM UPON
        WHICH RELIEF CAN BE GRANTED ............................................................................. 3
        A.    The New "Fabrication of Evidence/Fair Trial Claim" is Futile ............................... 3
        B.    Plaintiffs' New Claim for False Arrest against ACS Defendants Also
            Fails, And Thus, Any Amendment Is Futile ............................................................ 6
        C.    Darlene Cook Does Not Have a Viable Unlawful Search Claim against
            ACS Defendants ....................................................................................................... 7
        D.    Shaqueena Cook's Procedural Due Process Claim Fails as a Matter of Law .......... 8
        E.    A Failure to Intervene Claim Cannot Be Brought Against the ACS
            Defendants ............................................................................................................. 10
    POINT II .................................................................................................................................. 10
        PLAINTIFFS' PROPOSED SECOND AMENDED COMPLAINT WOULD
        DELAY THESE PROCEEDINGS AND PREJUDICE DEFENDANTS ......................... 10
CONCLUSION ............................................................................................................................. 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Ashcroft v. Iqbal,
  556 U.S. 662 (2008) .................................................................................................5, 8

Brown v. City of New York,
  No. 14-CV-5372 (BMC), 2014 U.S. Dist. LEXIS 181736 (E.D.N.Y.) ...................4, 5

Costello v. City of Burlington,
  632 F.3d 41 (2d Cir. 2011) ............................................................................................7

Culpepper v. City of New York,
  No. 14-cv-6585 (ALC), 2016 U.S. Dist. LEXIS 129935 (S.D.N.Y. Sep. 21,
  2016) ..............................................................................................................................5

Druschke v. Banana Republic, Inc.,
  359 F. Supp. 2d 308 (S.D.N.Y. 2005) ..........................................................................6

EEOC v. Morgan Stanley & Co., Inc.,
  211 F.R.D. 225 (S.D.N.Y. 2002) ................................................................................11

Farid v. Ellen,
  593 F.3d 233 (2d Cir. 2010) ..........................................................................................4

Horvath v. City of New York,
  No. 12-CV-6005 (RJD) (MDG), 2015 U.S. Dist. LEXIS 51029 (E.D.N.Y.) ............4

Jackson v. City of N.Y.,
  939 F. Supp. 2d 219 (E.D.N.Y. 2013) .......................................................................10

Jocks v. Tavernier,
  316 F.3d 128 (2d Cir. 2003) ..........................................................................................5

Jovanovic v. City of N.Y.,
  486 F. App'x 149 (2d Cir. 2012) ..................................................................................4

O'Neill v. Krzeminski,
  839 F.2d 9 (2d Cir. 1988) ............................................................................................10

Rendely v. Town of Huntington,
  No. 03-cv-0380 (ENV), 2006 U.S. Dist. LEXIS 97203 (E.D.N.Y.) .......................10

Ruotolo v. City of New York,
  514 F.3d 184 (2d Cir. 2008) ........................................................................................10

Soller v. Boudreaux,
    No. 12-CV-0167 (SJF) (SIL), 2015 U.S. Dist. LEXIS 14084 (E.D.N.Y. Feb. 3,
    2015) ...................................................................................................................................7

Southerland v. City of N.Y.,
    680 F.3d 127 (2d Cir. 2011)..............................................................................................8

Tenenbaum v. Williams,
    193 F.3d 581 (2d Cir. 1999)..............................................................................................8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

DARLENE COOK and SHAQUEENA COOK,

                                        Plaintiffs,    15-CV-6559 (ILG) (CLP)

-against-

CITY OF NEW YORK, P.O. ARTURO GOMEZ,
Tax No. 954876, P.O. EDWARD LEISENGANG,
Tax No. 938843, and JOHN/JANE DOE 1-10,

                                        Defendants.

------------------------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

      Defendant City of New York as well as Defendants Police Officer Arturo Gomez and Sergeant Edward Leisengang ("NYPD Defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submit this Memorandum of Law in Opposition to Plaintiffs' Motion to Amend the Complaint (Civil Docket No. 24).

## PRELIMINARY STATEMENT

      Plaintiffs Darlene Cook and Shaqueena Cook were arrested on March 11, 2014, in connection with the emergency removal of Shaqueena Cook's infant children from Darlene Cook's residence in Brooklyn. There was a need for an emergency removal because Shaqueena Cook's two children were at risk of being left bereft of care. Shaqueena Cook was not taking her prescribed mental health medications during her pregnancy. (See Proposed SAC, ¶ 26; New York City Administration of Children's Services Records, annexed to Plaintiff's Motion as Exhibit D (hereinafter "ACS Records"), entered Mar. 10, 2014, at DEF0042). In addition, Ms. Cook had no source of income and was in an unstable living situation. (ACS Records, Pls.' Exhibit D, DEF0051). Most importantly, Shaqueena Cook told employees from New York City

Administration of Children's Services ("ACS") that she did not have enough provisions for the children, as she had only a limited amount of diapers and formula for her newborn son and infant daughter. (ACS Records, Ex. D, entered Mar. 11, 2014, DEF0046). ACS Defendants concluded that the threat of harm to the children was high and that Ms. Cook could not be relied upon to care for them during the time it would take to obtain a court order. (ACS Records, Pls.' Exhibit D, DEF0051-DEF0052).

On March 11, 2014, Plaintiff Darlene Cook physically attempted to prevent ACS employees from conducting the emergency removal by trying to close the door to her building, and was arrested for Obstruction of Governmental Administration ("OGA"). (OMNIFORM Arrest Report for Darlene Cook's arrest on March 11, 2014, annexed to Plaintiffs' Motion as Exhibit F, Civil Docket No. 24-8, at DEF0001). Plaintiff Shaqueena Cook shoved Defendant Officer Arturo Gomez, who arrived to assist the ACS employees, and violently flailed her arms as she was being arrested, and was arrested for OGA and resisting arrest. (OMNIFORM Arrest Report for Shaqueena Cook's arrest on March 11, 2014, annexed to Plaintiffs' Motion as Exhibit H, Civil Docket No. 24-10, at DEF0910). Both Plaintiffs accepted Adjournments in Contemplation of Dismissal, and the criminal charges were subsequently dismissed. Plaintiff Darlene Cook filed the initial Complaint on November 16, 2016 naming the City of New York and Police Officer Arturo Gomez as Defendants. (Complaint, Civil Docket No. 1). The First Amended Complaint ("FAC"), which joined Shaqueena Cook as a Plaintiff and Sergeant Edward Leisengang as a Defendant, was filed on June 8, 2016. (Am. Compl., Civil Docket No. 15).

To date, the parties have already conducted a considerable amount of paper discovery. Defendants have produced a substantial number of documents, over 1,000 pages, including the underlying records pertaining to Plaintiffs' arrests, Shaqueena Cook's medical records pertaining

2

to the birth of her son in March 2014, Shaqueena Cook's ACS File, and Darlene Cook's New York City Department of Homeless Services ("DHS") File.

Plaintiffs now seek to again amend the Complaint to join as defendants the two ACS employees present during Plaintiffs' arrests, ACS Child Protective Specialist Cerissa Wright and ACS Child Protective Specialist Supervisor Sasha Dawson (hereinafter "ACS Defendants"); they also seek to add a denial to right of fair trial claim as well as two new claims against ACS Defendants. (See Proposed Second Amended Complaint, filed September 16, 2016, Civil Docket No. 24-1, pp. 14, 17-20) (hereinafter "Proposed SAC"). Defendants oppose Plaintiffs' motion as the proposed claims are futile, prejudicial to Defendants, and would unnecessarily delay this litigation.

## ARGUMENT

### POINT I

**THE NEW CLAIMS IN PLAINTIFFS' PROPOSED SECOND AMENDED COMPLAINT ARE FUTILE AS THEY FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

The Court should deny Plaintiffs further leave to amend the Complaint as Plaintiffs cannot get relief under Section 1983 on these new claims.

**A.   The New "Fabrication of Evidence/Fair Trial Claim" is Futile**

Plaintiffs' new claim for denial of fair trial due to fabrication of evidence brought against NYPD Defendants and ACS Defendants is futile because it could be dismissed as a matter of law on a motion. In order to make this claim, Plaintiffs must plead sufficient factual allegations to permit the Court to plausibly infer that "an (1) investigating official (2) fabricate[d] evidence (3) that is likely to influence a jury's decision, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffer[ed] a deprivation of liberty as a result." Jovanovic v. City of N.Y., 486 F.

3

App'x 149, 152 (2d Cir. 2012) (citing Jocks v. Tavernier, 316 F.3d 128, 138 (2d Cir. 2003)). Statements by police officers to prosecutors cannot form the basis of a fabrication of evidence claims because those statements "would never even get to a jury—it would amount to inadmissible hearsay—a far cry from the alleged false confessions at issue in the cases in which fabrications claims were pled or proven." Horvath v. City of New York, No. 12-CV-6005 (RJD) (MDG), 2015 U.S. Dist. LEXIS 51029, at *17 (E.D.N.Y.) (citing Rehberg v. Paulk, 132 S. Ct. 1497, 2505 (2012) (internal quotations omitted); see also Brown v. City of New York, No. 14-CV-5372 (BMC), 2014 U.S. Dist. LEXIS 181736, at *9-10 (E.D.N.Y.) (dismissing plaintiff's denial of right to fair trial claim on an early motion because allegedly false statements contained in arrest paperwork or criminal court complaints or told to the District Attorney's Office cannot be the basis for a claim for denial of a right to fair trial by fabricated evidence because these statements are inadmissible hearsay and would never reach a jury).

NYPD Defendants

As an initial matter, Plaintiffs only allege that Defendant Gomez fabricated "evidence" (Proposed SAC, ¶¶ 43-44), and thus, this claim cannot be asserted against Defendant Leisengang because there are no factual allegations that would tie Sgt. Leisengang to such a claim. See Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

With respect to those allegations against Officer Gomez, Plaintiffs mostly allege boilerplate language and conclusions of law. The Proposed SAC alleges that Officer Gomez "falsely represented that Plaintiffs committed acts which constituted [crimes]." (Proposed SAC, ¶ 75). Plaintiffs, however, do not allege specific factual allegations needed to assert such a

4

claim, such as the nature of the false evidence or the manner in which it was forwarded or to whom, specifically, it was forwarded. See, e.g., Culpepper v. City of New York, No. 14-cv-6585 (ALC), 2016 U.S. Dist. LEXIS 129935, at *16 (S.D.N.Y. Sep. 21, 2016) (dismissing a denial of fair trial claim due to the complaint's "paucity of detail."). Thus, Plaintiffs' allegations amount to "mere conclusory statements," which are insufficient to survive a motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2008). In any event, assuming *arguendo* that Officer Gomez forwarded these vague "false" allegations to the District Attorney's Office, under Brown v. City of New York, Plaintiffs cannot base their denial of fair trial claim on just this factor.

ACS Defendants

Likewise, Plaintiffs fail to allege any facts that would permit the Court to plausibly infer that the ACS Defendants denied Plaintiffs of their right to a fair trial. Plaintiffs merely claim that ACS Defendants made false representations to New York City Police Department ("NYPD"). (Proposed SAC, ¶ 40). The law, however, requires a defendant to forward fabricated evidence to prosecutors. See Jocks, 316 F.3d at 138 ("when a police officer creates false information…and forwards that information to prosecutors…"). ACS Defendants cannot be liable under a fabrication of evidence claim for their alleged false representations that they reported to the NYPD at the scene of the arrests -- and not directly to the prosecutor. See Iqbal, 556 U.S. at 677 ("Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Even if they could be held liable for Officer Gomez' actions, the statements by ACS Defendants are still inadmissible hearsay. Thus, Plaintiffs do not have a viable claim against them for denial of right to a fair trial.

For the foregoing reasons, the Court should deny Plaintiffs leave to join a claim for denial to the right for a fair trial based on the fabrication of evidence.

### B. Plaintiffs' New Claim for False Arrest against ACS Defendants Also Fails, and Thus, Any Amendment Is Futile

Plaintiffs' false arrest claim against ACS Defendants will also fail because they did not "procure or instigate" Plaintiffs' arrests. "Under New York law, merely providing information [to the police], even when subsequently found to be in error, resulting in the arrest of an innocent [person], does not subject the informant to liability for false imprisonment....However, a defendant may be held liable for an arrest by the police if he affirmatively procured or instigated the plaintiff's arrest." Druschke v. Banana Republic, Inc., 359 F. Supp. 2d 308, 312 (S.D.N.Y. 2005) (internal quotations omitted). One instigates or procures another's arrest "by fabricating a criminal accusation and by inducing the police to rely on that accusation." Id. at 313.

The Proposed SAC attempts to impute personal involvement in Plaintiffs' arrest to ACS Defendants where there is none. Plaintiffs claim that "ACS Defendants' false statements...renders [them] liable for false arrest [because they] unlawfully importuned the NYPD Defendants to confine the Plaintiffs without justification." (Proposed SAC, ¶ 65). Other than reporting their attempts to conduct an emergency removal to the police, ACS Defendants had no involvement in Plaintiffs' arrests. Their reporting, alone, is insufficient as a matter of law and does not establish that ACS Defendants affirmatively "procured or instigated" Plaintiffs' arrests. Further, regardless of ACS Defendants' statements to NYPD officers, Plaintiff will never be able to establish that ACS Defendants influenced NYPD Defendants' decision to arrest Plaintiffs because the arrests were based on NYPD Defendants' firsthand observations. Darlene Cook was arrested based on NYPD's observation that she was closing the door on ACS employees. (OMNIFORM Arrest Report for Darlene Cook's arrest on March 11, 2014, Pls.'

6

Exhibit F). Shaqueena Cook was arrested because she shoved Officer Gomez and resisted as NYPD officers tried to place her in handcuffs. (OMNIFORM Arrest Report for Shaqueena Cook's arrest on March 11, 2014, Pls.' Exhibit H). Therefore, Plaintiffs' claim for false against ACS Defendants cannot survive a motion to dismiss, and any amendment to add this as a claim is futile.

### C. Darlene Cook Does Not Have a Viable Unlawful Search Claim against ACS Defendants

The Sixth Claim in the Proposed SAC, *i.e.* unlawful search brought by Plaintiff Darlene Cook against ACS Defendants, is facially insufficient. A complaint that does not allege facts establishing the personal involvement of individual defendants is fatal to a claim under § 1983. See Costello v. City of Burlington, 632 F.3d 41, 48-49 (2d Cir. 2011). "Personal involvement may be established by evidence of <u>direct participation</u> in the challenged conduct." Soller v. Boudreaux, No. 12-CV-0167 (SJF) (SIL), 2015 U.S. Dist. LEXIS 14084, at *40 (E.D.N.Y.) (citing Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003)) (emphasis added).

As an initial matter, the title of the claim notwithstanding, there is no factual allegation of a <u>search</u>, unlawful or otherwise. Instead, Plaintiff appears to be bringing a claim for unlawful entry. Although there are five paragraphs under this cause of action, only one paragraph contains any factual allegations in support of this claim (Proposed SAC, ¶¶ 83-87), and these facts are so general that they are insufficient to state a constitutional violation on the part of ACS Defendants. There is no allegation that the ACS Defendants entered Darlene Cook's premises which would be needed for a viable unlawful entry claim. Instead, Plaintiffs allege that "ACS Defendants unreasonably importuned NYPD Officer Defendants to violate [Darlene Cook's privacy] by falsely stating to them that they had an emergency justification for entering the premises." (Proposed SAC, ¶ 85). Again, Plaintiffs are attempting to impute personal

7

involvement to ACS Defendants by way of the NYPD officers; this time by arguing that they wrongly caused NYPD Defendants to believe that there was probable cause to enter an individual's home. (Plaintiff's Memorandum of Law in Support of Their Motion to Amend ("Pls.' MOL"), Civil Docket No. 24, p. 12). The Court should, therefore, deny Plaintiff Darlene Cook leave to join a futile unlawful search claim against ACS Defendants.

D.      **Shaqueena Cook's Procedural Due Process Claim Fails as a Matter of Law**

The Proposed SAC lacks sufficient factual allegations to support a viable claim for procedural due process against ACS Defendants. Generally, "before parents may be deprived of the care, custody or management of their children without their consent, due process -- ordinarily a court proceeding resulting in an order permitting removal -- must be accorded to them." Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999). An exception to the rule is that, "[i]n emergency circumstances, a child may be taken into custody by a responsible State official without court authorization or parental consent. Emergency circumstances mean circumstances in which the child is immediately threatened with harm." Tenenbaum v. Williams, 193 F.3d 581, 594 (2d Cir. 1999) (internal citations and quotations omitted); see also Southerland v. City of N.Y., 680 F.3d 127, 142 (2d Cir. 2011) ("The Fourteenth Amendment imposes a requirement that except in emergency circumstances, judicial process must be accorded both parent and child before removal of the child from his or her parent's custody may be effected."). While the Second Circuit has not set forth all of the situations that would justify an emergency, the non-exhaustive list includes "the risk that children will be left bereft of care and supervision." Southerland, 680 F.3d at 149.

Plaintiffs' allegations in support of this claim, taken as true, may have established a procedural due process claim; however, these factual allegations mischaracterize and misstate the record. The Proposed SAC alleges that "concern for M.C. was 'unsubstantiated as it could not

be shown that the physical, mental, emotional condition of [M.C.] was placed at risk of impairment.'" (Proposed SAC, ¶ 26). The Proposed SAC, however, is quoting a statement that was written before her son, M.C. was even born; the quote comes from Shaqueena Cook's prior history and actually refers to her infant daughter, C.C. (See ACS Records, annexed to Plaintiffs' Motion as Exhibit D, dated Mar. 10, 2014, at DEF042 "Prior History"). The record from 2012 actually states that, "Shaqueena delivered a baby girl…Allegation against mother Shaqueena will be unsubstantiated as it could not be shown that the physical, mental, emotional condition of child was placed at risk of impairment." (ACS Records, Pls.' Exhibit D, dated Mar. 10, 2014, at DEF042). In support of their motion to amend, Plaintiffs again misquote ACS Records where the Proposed SAC alleges that CPSS Dawson wrote that "'[a]t this time, [C.C. and M.C.] do not seem to be [in] imminent danger of harm.'" (Proposed SAC, ¶ 29). This statement was not CPSS Dawson's own, but rather she merely transposed "additional information" from another ACS employee, Donna Farray, into her report. (Compare ACS records, Pls.' Exhibit D, DEF0042 with ACS Records, Pls.' Exhibit D, DEF0047). In reality, one of CPSS Dawson's "hypotheses" was that Shaqueena Cook is unstable and does not have any provisions for the two children. (ACS records by Dawson, Pls.' Exhibit D, dated Mar. 10, 2014, DEF0048). Plaintiffs also cherry-pick the most favorable observations by ACS employee Benjamin in the ACS Records to allege that Shaqueena Cook interacted well with her newborn who was in "good condition." (See Proposed SAC, ¶ 30). Plaintiffs, however, neglected to mention that Shaqueena specifically told ACS Benjamin that she did not have "anything" for her newborn, except what the hospital gave her—only four bottles of milk and a few pampers. (ACS Records, Pls.' Exhibit D, entered Mar. 13, 2014, DEF0046). When read in context, the Proposed SAC lacks any factual allegations that would permit the Court to plausibly infer ACS Defendants

conducted an unlawful emergency removal. Accordingly, the Proposed SAC fails to state a claim for procedural due process against ACS Defendants, and this claim should be stricken as futile from any amended complaint.

E.   **A Failure to Intervene Claim Cannot Be Brought Against the ACS Defendants**

Defendants note that in their motion Plaintiffs did not even argue that their Failure to Intervene Claim against ACS Defendants is viable; this may be because such a claim is so patently futile. "A law enforcement officer has an affirmative duty to intercede on behalf of a citizen whose constitutional rights are being violated in his presence by other officers." O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988); see also Jackson v. City of N.Y., 939 F. Supp. 2d 219, 231 (E.D.N.Y. 2013). By contrast, state actors who are not in law enforcement have no such duty to intervene or prevent an arrest. See Rendely v. Town of Huntington, No. 03-cv-0380 (ENV), 2006 U.S. Dist. LEXIS 97203, at *21-22 (E.D.N.Y.) (citing Phoenix v. Reddish, 175 F. Supp. 2d 215, 220 (D. Conn. 2001)). ACS Defendants are not law enforcement agents, and thus, do not have a duty to intercede on behalf of Plaintiffs. Accordingly, Plaintiffs' failure to intervene claim against the ACS Defendants is futile.

## POINT II

**PLAINTIFFS' PROPOSED SECOND AMENDED COMPLAINT WOULD DELAY THESE PROCEEDINGS AND PREJUDICE DEFENDANTS**

Permitting Plaintiffs to amend now would unnecessarily further delay this litigation and prejudice Defendants. In determining whether a requested amendment would cause prejudice to the nonmovant, a court must consider "whether an amendment would 'require the opponent to expend significant additional resources to conduct discovery'…or 'significantly delay the resolution of the dispute.'" Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir. 2008)

(quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)). Further, leave to amend must be denied where "there has been delay and no satisfactory explanation is offered for the delay." EEOC v. Morgan Stanley & Co., Inc., 211 F.R.D. 225, 227 (S.D.N.Y. 2002).

Contrary to Plaintiffs' argument that there is substantial document production remaining, Defendants have already responded to Plaintiffs' Discovery Demands and have already produced over 1,000 pages in paper discovery. (Pls.' MOL, p. 8). Adding two defendants and five futile claims, would cause Defendants to expend even more resources in discovery and further delay the outcome of this litigation. In addition, Plaintiffs knew the identities of ACS Defendants as early as the FAC. (FAC, filed June 4, 2016, Civil Docket No. 9, ¶¶ 15-33). They should have also reasonably known the claims they wanted to bring against them at that time. Plaintiffs do not provide an explanation for the (at least) five-month delay in asserting their claims against ACS Defendants. (See Pls.' MOL, p. 8). There is also a prejudice to the two new potential ACS Defendants who must take time away from ensuring the well-being of children under the City's care to defend against claims which will be disposed of by motion. The Court, therefore, should deny Plaintiffs leave to amend where Defendants would be prejudiced by both an unduly delay in this litigation and the expense of additional discovery.

11

## CONCLUSION

For the foregoing reasons, Defendants City of New York, Police Officer Gomez, and Sergeant Leisengang respectfully requests that the Court deny Plaintiff's motion, with prejudice, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      September 30, 2016

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, Gomez, and Leisengang*
100 Church Street, Room 3-214A
New York, New York 10007

By: /s/ John L. Garcia
    John L. Garcia
    *Assistant Corporation Counsel*
    Special Federal Litigation Division

cc:    Ryan M. Lozar, Esq. (**by ECF**)
       *Attorney for Plaintiffs*