

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

JOHN L. GARCIA
*Assistant Corporation Counsel*
phone: (212) 356-5053
fax: (212) 356-3509
johgarci@law.nyc.gov

October 14, 2016

**VIA ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Darlene Cook, et al. v. City of New York, et al.
      15-CV-6559 (ILG) (CLP)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney representing Defendants City of New York, Police Officer Arturo Gomez, and Sergeant Edward Leisengang in the above-referenced matter. At today's oral argument, the Court referenced Nicholson v. Williams, 203 F. Supp. 2d 153 (S.D.N.Y. 2002). Defendants write to inform the Court that they have reviewed the case, and to respectfully note some key differences between the mothers in Nicholson and Shaqueena Cook.

In Nicholson, the plaintiffs were mothers who had been subjected to domestic violence, and as a result, the Administration for Children's Services (ACS) removed their children from their custody. 203 F. Supp. 2d at 163-64. For example, the emergency removal of Ms. Tillet's newborn in Nicholson was conducted, despite the mother's ready supply of provisions for her baby, on the basis that the mother's apartment was paid for by her abusive partner and she was financially dependent on him. Id. at 181.

With respect to the emergency removal of Shaqueena Cook's children in 2014, domestic violence was not a factor that ACS needed to consider. Unlike the ACS employees in Nicholson, Ms. Dawson and Ms. Wright did not determine as a matter of course Ms. Cook's children were in imminent danger solely based on any one factor. Ms. Dawson and Ms. Wright considered the totality of the circumstances. (See "Assessment" in ACS Records, annexed to Plaintiffs' Motion to Amend, Exhibit D, Bates Nos. DEF0051). Further, Ms. Cook readily admitted to ACS that she did not have sufficient provisions for her newborn son and infant daughter (and the family members she was living with were equally unable to provide for themselves let alone the

children).  (ACS Records dated Mar. 10, 2014, annexed to Plaintiff's Motion to Amend, Exhibit D, Bates No. DEF0046).

The Honorable Jack B. Weinstein found in Nicholson that the harm to these mothers from the removal of their children "is not malicious, but is due to benign indifference, bureaucratic inefficiency, and outmoded institutional biases."  203 F. Supp. 2d at 164.  None of these factors, however, are present in Shaqueena Cook's case and thus, Defendants respectfully submit that Nicholson is inapposite to the present action.

Defendants thank the Court for its consideration in this matter.

Respectfully Submitted,

*[signature]*

John L. Garcia
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   Ryan Lozar, Esq. (**via ECF**)
      *Attorney for Plaintiffs*