

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

JOHN L. GARCIA
*Assistant Corporation Counsel*
phone: (212) 356-5053
fax: (212) 356-3509
johgarci@law.nyc.gov

March 2, 2017

**VIA ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Darlene Cook, et al. v. City of New York, et al.
               15-CV-6559 (ILG) (CLP)

Your Honor:

       I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to represent Defendants City of New York, Police Officer Arturo Gomez, and Sergeant Edward Leisengang in the above-referenced matter. Defendants write to bring new evidence to the Court's attention in further opposition to Plaintiffs' pending motion to amend. (Civil Docket Entry No. 24.)

       On March 11, 2014, Plaintiffs Shaqueena Cook and Darlene Cook were arrested outside Darlene Cook's residence in connection with the New York City Administration of Children's Services (ACS) emergency removal of Shaqueena Cook's two children. On November 16, 2015, Plaintiff Darlene Cook originally brought, among others, a false arrest claim against Defendants, and then, Shaqueena Cook joined the action on June 4, 2016. On September 16, 2016, Plaintiffs moved for leave to file a second amended complaint to add two ACS employees as defendants as well as five new claims. (Plaintiffs' Motion to Amend, Civil Docket Entry No. 24.) On September 30, 2016, Defendants opposed that motion arguing, in part, that Plaintiffs' proposed claims were futile. (Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Amend, Civil Docket Entry No. 25.) Oral Argument for the motion was held on October 14, 2016.

       At Defendants' request, the Court issued a so-ordered subpoena to obtain the relevant family court records pertaining to Plaintiff Shaqueena Cook and her children. On February 27, 2017, Defendants finally received those records. Annexed hereto as Exhibit A is an Order of

Removal from the New York State Family Court, Queens County dated March 12, 2014.[1] The Family Court made all the findings required under New York Family Court Act § 1027 and determined that M.C. should be placed in the custody of ACS. This new evidence precludes Plaintiff Shaqueena Cook's proposed due process claim.

As an initial matter, the Court may take judicial notice of the Family Court's findings and rulings. Tobin v. Gluck, 11 F. Supp. 3d 280, 300 (E.D.N.Y. 2014) (citing cases) ("A Court can take judicial notice of state court decisions and dismiss a federal action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure based on *res judicata*."). The Family Court found that Shaqueena Cook was given notice by ACS and the removal was necessary because "the subject child is in imminent [risk] to his life or health." (Removal Order, March 12, 2014, Exh. A, at ¶¶ "f" and "g".) The Family Court's findings were based on the same conclusions ACS reached, which are already on the record before Your Honor. (Compare Removal Order, Exh. A, at ¶¶ "a" and "c" with Plaintiffs' Exhibit D ACS Records, Civil Docket Entry No. 24-6 at DEF0051.) The Court's findings also validate the emergency removal conducted by ACS on March 11, 2014. Therefore, Plaintiff Shaqueena Cook's proposed due process claim and Plaintiff Darlene Cook's proposed unlawful entry claim are futile and Plaintiffs' request to add the two ACS agents as Defendants should be denied.

For the reasons stated herein, in Defendants' Memorandum of Law, and at Oral Argument, the Court should deny Plaintiffs leave to amend. Defendants thank the Court for its consideration in this matter.

Respectfully Submitted,

John L. Garcia
*Assistant Corporation Counsel*
Special Federal Litigation Division

Encl.
cc:  Ryan Lozar, Esq. (**via ECF**)
     *Attorney for Plaintiffs*

---

[1] In the interest of the children's privacy and for the sake of consistency, Defendants have redacted the name of Shaqueena Cook's newborn child and use only the initials "M.C.", which is also the abbreviation used in Plaintiffs' moving papers.