# EXHIBIT A

F.C.A.§§1017, 1027

Removal Order (Child Protective) 12/05

At a term of the Family Court of the State of New York, held in and for the County of __Queens__, at __157-20__, __Jamaica Ave__ New York on __3/12/14__.

PRESENT:

Hon. __Richroath__
Judge

In the Matter of

M█ C█ - █ █

A Child Under the Age of Eighteen
Alleged to be (Abused) (and) (Neglected) by

Shaqueena Cook
Ralph Randolph
Respondent(s)

Docket #: __NN-4514/14__

ACS #: __5381207__

**ORDER (Directing Temporary Removal of Child-After Petition Filed)**

A Petition under Article 10 of the Family Court Act having been filed with this Court alleging that the above-named child is (a)(an) (neglected child) (abused child) (severely or repeatedly abused child); and a preliminary hearing having been held by this Court pursuant to Section 1027 of the Family Court Act; and the following person(s) having appeared (with)(without) counsel herein to determine whether the child's interests require protection pending a final order of disposition: and the Court having determined that:

a. Said child's interests (do) (do not) require protection pending a final order of disposition and that continuation of residence by the child in the child's home (would) (would not) be contrary to the welfare and best interests of the child and that temporary removal of said child from (his)(her) place of residence (is) (is not) necessary to avoid imminent risk to said child's life or health. Continued placement of the child in (his)(her) home would be contrary to the welfare and best interests of the child because: (be specific) __the respondent mother has a pending neglect petition with regard to the subject child's sibling. The respondent fails to cooperate with the parole order on that case. The respondent mother fails to comply with random drug tests and was discharged from her after care services for non compliance. The respondent fails to comply with mental health services and medication.__

b. Imminent risk to the child(ren) (would) (would not) be eliminated by the issuance of an order of protection directing the removal of __respondents__ from the child's residence; and

c. ☑ Reasonable efforts were made prior to the date of the hearing herein to prevent or eliminate the need for removal from the home. The specific efforts made were: __ACS referred respondent mother for after care services and random drug screens. Respondent mother failed to comply. ACS held a child safety conference. Respondent father was referred for services.__

c. ☐ Reasonable efforts were not made prior to the date of the hearing herein, to prevent or eliminate the need for removal from the home but the lack of such efforts was reasonable and appropriate under the circumstances. **The specific reasons why it was not reasonable and appropriate to make such efforts are:** _____

☐ Reasonable efforts were not made prior to the date of the hearing herein to prevent or eliminate the need for removal from the home.

d. Reasonable efforts (were) (were not) made to make it possible to return the child home safely; and

e. The Respondent (was) (was not) present at the hearing of this application; and

f. Respondent who was not present was given notice by ( __ACS__ ); and

g. The removal is necessary because __the subject child is in imminent risk to his life or health.__

F.C.A.§§1017, 1027  
Page 2 of 2

Removal Order (Child Protective) 12/05

Docket #: __NN-4514/14__

Child Name: __M▇ C▇▇__

h. The removal was made pursuant to Family Court Act Section (1021) (1022) (**1027**); and

i. Based upon the investigation conducted by the Commissioner of Social Services it appears that [specify name] _____ _____ is a suitable person related to the child with whom such child may appropriately reside and such person (seeks approval as a foster parent pursuant to the Social Services Law for the purposes of providing care for such child) (wishes to provide care and custody for the child without foster care subsidy during the pendency of any orders herein) (~~there is no suitable person related to the child with whom such child may appropriately reside.~~)

NOW therefore, it is [delete inapplicable provision]:

(ORDERED that the application for protection is hereby denied); (and it is further)

(ORDERED that said ___/___ be released to the custody of ___/___, said child's parent(s) or other person legally responsible for said child's care (under the supervision of ___/___ )); (and it is further)

(ORDERED that said ___/___ be temporarily removed from the place where said child is residing by any peace officer or agent of a duly authorized agency, society or institution and that said child be brought to _____ pending further proceedings herein;) (and it is further)

(ORDERED that said **M▇ C▇** be placed in the custody of __**ACS**__ pending further proceedings herein;) (and it is further)

(ORDERED that ( __any__ Hospital) ( __any__ M.D.) is hereby authorized to provide such emergency medical or surgical procedures for the said child as may be necessary to safeguard the child's life or health;) and it is further

(ORDERED that the child protective agency shall (provide)(arrange for) the following services or assistance to the (child) (child's family) pursuant to section 1015-a or 1022(c) of the Family Court Act [specify]: _____ ); (and it is further)

(ORDERED that if the child remains in foster care or is directly placed pursuant to Sections 1017 or 1055 of the Family Court Act, a permanency hearing shall be held on **the following date certain:** __10/28/14  10am__ ) (and it is further)

(ORDERED

Dated:

ENTER _[signature]_  
J.F.C.

NOTICE:  
PLACEMENT OF YOUR CHILD IN FOSTER CARE MAY RESULT IN THE LOSS OF YOUR PARENTAL RIGHTS TO YOUR CHILD. IF YOUR CHILD STAYS IN FOSTER CARE FOR 15 OF THE MOST RECENT 22 MONTHS, THE AGENCY MAY BE REQUIRED BY LAW TO FILE A PETITION TO TERMINATE YOUR PARENTAL RIGHTS AND MAY FILE BEFORE THE END OF THE 15-MONTH PERIOD. ADDITIONALLY, IF SEVERE OR REPEATED ABUSE IS PROVEN BY CLEAR AND CONVINCING EVIDENCE, THIS FINDING MAY CONSTITUTE THE BASIS TO TERMINATE YOUR PARENTAL RIGHTS.

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Check applicable box: ☐ Order mailed on [specify date(s) and to whom mailed ]:_____  
☐ Order received in court on [specify date(s) and to whom given]:_____