UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

DARLENE COOK and SHAQUEENA COOK,

                                                  Plaintiffs,

-against-

CITY OF NEW YORK, NYPD OFFICER ARTURO GOMEZ, Tax No. 954876, NYPD SERGEANT EDWARD LEISENGANG, Tax No. 938843, ACS CHILD PROTECTIVE SPECIALIST CERISSA WRIGHT, ACS CHILD PROTECTIVE SPECIALIST SUPERVISOR SASHA DAWSON, and JOHN/JANE DOE 1-10,

                                                  Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE SECOND AMENDED COMPLAINT BY DEFENDANTS CITY OF NEW YORK, GOMEZ, AND LEISENGANG**

15 CV 6559 (ILG) (CLP)

**JURY TRIAL DEMANDED**

      **PLEASE TAKE NOTICE** that Defendants City of New York, Police Officer Arturo Gomez, and Sergeant Edward Leisengang, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Second Amended Complaint, respectfully allege, as follows:

      1.     Deny the allegations contained in paragraph "1" of the Second Amended Complaint, except admit that Plaintiffs purport to proceed as stated therein.

      2.     Deny the allegations contained in paragraph "2" of the Second Amended Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of the Court and proceed as stated therein.

      3.     Deny the allegations contained in paragraph "3" of the Second Amended Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

4. Deny the allegations contained in paragraph "4" of the Second Amended Complaint, except admit that Plaintiffs purport to base venue as stated therein.

5. Paragraph "5" of the Second Amended Complaint contains Plaintiffs' demand for a jury trial, to which no response is required.

6. Deny the allegations contained in paragraph "6" of the Second Amended Complaint, except admit that on or about March 11, 2014, Plaintiff Darlene Cook resided at 9720 Kings Highway, Apt. SL1, Brooklyn, New York 11212 (hereinafter "9720 Kings Highway").

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Second Amended Complaint, except admit that on or about March 11, 2014, Plaintiff Shaqueena Cook was arrested at or near 9720 Kings Highway.

8. Deny the allegations contained in paragraph "8" of the Second Amended Complaint, except admit that the City of New York is a municipal corporation duly organized under the laws of the State of New York.

9. Deny the allegations contained in paragraph "9" of the Second Amended Complaint, except admit that the City maintains a police department, and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between Defendant City and the New York City Police Department ("NYPD").

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Second Amended Complaint as they pertain to unidentified defendants, except deny the remaining allegations therein, admit that, on or about March 11, 2014, Defendant Gomez was employed by NYPD and held the rank of Police Officer, and Defendant Leisengang was employed by NYPD and held the rank of Sergeant, and further

admit that Plaintiffs purport to sue Defendants Gomez and Leisengang in their individual capacities.

11. Deny the allegations contained in Paragraph "11" of the Second Amended Complaint, and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between Defendant City and Administration for Children's Services ("ACS").

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Second Amended Complaint.

13. Deny the allegations contained in paragraph "13" of the Second Amended Complaint insofar as it contains allegations of fact; insofar as it contains conclusions of law, no response is required.

14. Paragraph "14" of the Second Amended Complaint contains conclusions of law, to which no response is required.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Second Amended Complaint

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Second Amended Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Second Amended Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Second Amended Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Second Amended Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Second Amended Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Second Amended Complaint.

22. Admit the allegations contained in paragraph "22" of the Second Amended Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Second Amended Complaint.

24. Deny the allegations contained in paragraph "24" of the Second Amended Complaint, except admit that on or about March 10, 2014, Donna Farray was employed by the City as a member of ACS, and respectfully refer the Court to the memorandum entitled "Newborns Child Safety Alert #14 from Commissioner John B. Mattingly" annexed to Plaintiffs' Motion to Amend as Exhibit "B" (Civil Docket Entry No. 24-4) for a full and accurate recitation of Safety Alert #14.

25. Deny the allegations contained in paragraph "25" of the Second Amended Complaint, and respectfully refer the Court to pages two and three of the ACS Records pertaining to Shaqueena Cook annexed to Plaintiffs' Motion to Amend as Exhibit "D" ("hereinafter "ACS Records") (Civil Docket Entry N. 24-6) for a full and accurate recitation of ACS employee Farray's records.

26. Deny the allegations contained in paragraph "26" of the Second Amended Complaint, and respectfully refer the Court to pages two and three ACS Records for a full and accurate recitation of ACS employee Farray's records.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Second Amended Complaint, except admit that on March 10, 2014, Shaqueena Cook was discharged from Mount Sinai Hospital.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Second Amended Complaint as they pertain to the relationship between Cleopatra Cook and Shaqueena Cook, except admit that Cleopatra Cook died on March 10, 2014.

29. Deny the allegations contained in paragraph "29" of the Second Amended Complaint, and respectfully refer the Court to the ACS Records for a full and accurate recitation of Defendant Dawson's records.

30. Deny the allegations contained in paragraph "30" of the Second Amended Complaint, except admit that on or about March 10, 2014, Benjamin Albert-Ann was employed by the City as a member of ACS, that Darlene Cook did not open the door, and further admit that no warrant had been issued for 9720 Kings Highway, and respectfully refer the Court to the ACS Records for a full and accurate recitation of ACS employee Albert-Ann's records.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Second Amended Complaint as they pertain to the relationship between Plaintiffs.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations the allegations contained in paragraph "32" of the Second Amended Complaint as they pertain to the relationship between Darlene Cook and Cleopatra Cook.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Second Amended Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Second Amended Complaint, except admit that on March 11, 2014, Plaintiffs and Shaqueena Cook's children were present at 9720 Kings Highway.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Second Amended Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Second Amended Complaint.

37. Deny the allegations contained in paragraph "37" of the Second Amended Complaint, except admit that on March 11, 2014, Defendants Wright and Dawson went to 9720 Kings Highway to conduct an emergency removal of Plaintiff Shaqueena Cook's children, and further admit that Officer Gomez, Sgt. Leisengang, and other NYPD officers arrived on scene after Plaintiffs refused to admit entry to the ACS employees.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Second Amended Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Second Amended Complaint.

40. Deny the allegations contained in paragraph "40" of the Second Amended Complaint, except admit on March 11, 2014, that various NYPD members spoke to Plaintiffs at different times.

41. Deny the allegations contained in paragraph "41" of the Second Amended Complaint, except admit that Sgt. Leisengang instructed officers to place Plaintiffs under arrest, and Officer Gomez was the assigned arresting officer.

42. Deny the allegations contained in paragraph "42" of the Second Amended Complaint, except admit that on March 11, 2014, eventually NYPD members and ACS employees gained access to 9720 Kings Highway to remove Shaqueena Cook's children.

43. Deny the allegations contained in paragraph "43" of the Second Amended Complaint.

44. Deny the allegations contained in paragraph "44" of the Second Amended Complaint.

45. Deny the allegations contained in paragraph "45" of the Second Amended Complaint, except admit that on March 11, 2014, Darlene Cook was charged with Obstruction of Governmental Administration ("OGA") and Shaqueena Cook was charged with OGA and resisting arrest.

46. Deny the allegations contained in paragraph "46" of the Second Amended Complaint, except admit that, on March 11, 2014, Plaintiff Darlene Cook was in custody for approximately 21 hours and 14 minutes, and Plaintiff Shaqueena Cook was in custody for approximately 20 hours and 59 minutes.

47. Deny the allegations contained in paragraph "47" of the Second Amended Complaint, except admit that on July 30, 2014, Darlene Cook accepted an Adjournment in Contemplation of Dismissal, and that on March 12, 2014, Shaqueena Cook accepted an Adjournment in Contemplation of Dismissal.

48. Deny the allegations contained in paragraph "48" of the Second Amended Complaint.

49. Deny the allegations contained in paragraph "49" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

50. Deny the allegations contained in paragraph "50" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

51. Deny the allegations contained in paragraph "51" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

52. Deny the allegations contained in paragraph "52" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

53. Deny the allegations contained in paragraph "53" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

54. The allegations contained in paragraph "54" of the Second Amended Complaint insofar are conclusions of law, to which no response is required.

55. Deny the allegations contained in paragraph "55" of the Second Amended Complaint.

56. Deny the allegations contained in paragraph "56" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

57. Deny the allegations contained in paragraph "57" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

58. Deny the allegations contained in paragraph "58" of the Second Amended Complaint, except admit that Plaintiffs purport to seek the relief stated therein.

59. In response to the allegations contained in paragraph "59" of the Second Amended Complaint, Defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully contained herein.

60. Deny the allegations contained in paragraph "60" of the Second Amended Complaint.

61. Deny the allegations contained in paragraph "61" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

62. Deny the allegations contained in paragraph "62" of the Second Amended Complaint.

63. In response to the allegations contained in paragraph "63" of the Second Amended Complaint, Defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully contained herein.

64. Deny the allegations contained in paragraph "64" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

65. Deny the allegations contained in paragraph "65" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

66. Deny the allegations contained in paragraph "66" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

67. Deny the allegations contained in paragraph "67" of the Second Amended Complaint.

68. In response to the allegations contained in paragraph "68" of the Second Amended Complaint, Defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully contained herein.

69. Deny the allegations contained in paragraph "69" of the Second Amended Complaint insofar as it contains averments of fact; insofar as paragraph "69" contains conclusions of law, no response is required.

70. Deny the allegations contained in paragraph "70" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

71. The allegations contained in paragraph "71" of the Second Amended Complaint are conclusions of law, to which no response is required.

72. Deny the allegations contained in paragraph "72" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

73. Deny the allegations contained in paragraph "73" of the Second Amended Complaint.

74. In response to the allegations contained in paragraph "74" of the Second Amended Complaint, Defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully contained herein.

75. Deny the allegations contained in paragraph "75" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

76. Deny the allegations contained in paragraph "76" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

77. Deny the allegations contained in paragraph "77" of the Second Amended Complaint.

78. In response to the allegations contained in paragraph "78" of the Second Amended Complaint, Defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully contained herein.

79. Deny the allegations contained in paragraph "79" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

80. Deny the allegations contained in paragraph "80" of the Second Amended Complaint.

81. Deny the allegations contained in paragraph "81" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

82. Deny the allegations contained in paragraph "82" of the Second Amended Complaint.

83. In response to the allegations contained in paragraph "83" of the Second Amended Complaint, Defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully contained herein.

84. Deny the allegations contained in paragraph "84" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

85. Deny the allegations contained in paragraph "85" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

86. Deny the allegations contained in paragraph "86" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

87. Deny the allegations contained in paragraph "87" of the Second Amended Complaint.

88. In response to the allegations contained in paragraph "88" of the Second Amended Complaint, Defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully contained herein.

89. Deny the allegations contained in paragraph "89" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

90. Deny the allegations contained in paragraph "90" of the Second Amended Complaint.

91. Deny the allegations contained in paragraph "91" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

92. Deny the allegations contained in paragraph "92" of the Second Amended Complaint.

93. In response to the allegations contained in paragraph "93" of the Second Amended Complaint, Defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully contained herein.

94. Deny the allegations contained in paragraph "94" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

95. Deny the allegations contained in paragraph "95" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

96. Deny the allegations contained in paragraph "96" of the Second Amended Complaint.

97. Deny the allegations contained in paragraph "97" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

98. Deny the allegations contained in paragraph "98" of the Second Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE:

99. The Second Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

100. There was probable cause for Plaintiffs' arrests, detentions, and prosecutions.

## THIRD AFFIRMATIVE DEFENSE:

101. Any injury alleged to have been sustained resulted from Plaintiffs' own culpable or negligent conduct, or the culpable or negligent conduct of third-parties, and was not the proximate result of any act of Defendants.

## FOURTH AFFIRMATIVE DEFENSE:

102. Defendants City, Gomez, and Leisengang have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or acts of Congress providing for the protection of civil rights.

## FIFTH AFFIRMATIVE DEFENSE:

103. Defendants Gomez and Leisengang have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE:

104. At all times relevant to the acts alleged in the Second Amended Complaint, Defendants Gomez and Leisengang acted reasonably in the proper and lawful exercise of their discretions.

### SEVENTH AFFIRMATIVE DEFENSE:

105. At all times relevant to the incident, Defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, Defendant City of New York is entitled to governmental immunity.

### EIGHTH AFFIRMATIVE DEFENSE:

106. Punitive damages cannot be assessed against Defendant City of New York.

**WHEREFORE,** Defendants City of New York, Police Officer Gomez, and Sergeant Leisengang request judgment dismissing the Second Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 24, 2017

**ZACHARY W. CARTER**
Corporation Counsel of the City of New York
*Attorney for Defendants City, Gomez, and Leisengang*
100 Church Street
New York, New York 10007
(212) 356-5053

By: _____
John L. Garcia
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: Ryan Lozar, Esq. (**via ECF**)
*Attorney for Plaintiffs*
305 Broadway, 10th Floor
New York, New York 10007