UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

DARLENE COOK and SHAQUEENA COOK,

                             Plaintiffs,

-against-

CITY OF NEW YORK, P.O. ARTURO GOMEZ, Tax No.
954876, P.O. EDWARD LIESENGANG, Tax No. 938843, P.O.
RAUL OSORIO, Tax No. 939157, JOHN/JANE DOES 1-10,

                             Defendants.
-----------------------------------------------------------------------x

**STIPULATION AND
ORDER OF
CONFIDENTIALITY**

15 CV 6559 (ILG) (CLP)

       **WHEREAS,** a party seeks to obtain certain documents from the other pursuant to the Federal Rules of Civil Procedure that it deems to be confidential or otherwise inappropriate for public disclosure; and

       **WHEREAS,** the party will only produce these documents if appropriate protection for their confidentiality is assured; and

       **WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among the attorneys for Plaintiffs and Defendants, as follows:

       1.    As used herein, "Action" shall mean the pending action between Plaintiffs and Defendants captioned <u>Darlene Cook, et al. v. City of New York, et al.</u>, 15 CV 6559 (ILG) (CLP).

       2.    As used herein, "Confidential Materials" shall mean:

       a.    New York City Police Department ("NYPD") personnel and employment history and records;

b. NYPD disciplinary-related records and information regarding the conduct of Members of Service of the NYPD conducted by NYPD, the Civilian Complaint Review Board, or other agencies;

c. NYPD training materials, including, but not limited to, the Patrol Guidelines, Administrative Guide, Operation Orders, training manuals, and directives;

d. Any other NYPD documents produced as part of <u>Monell</u> discovery;

e. New York City Administration for Children's Services ("ACS") case records relating to Plaintiffs and/or Plaintiff Shaqueena Cook's children; and

f. Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the Defendants or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that the y are obtained by plaintiff pursuant to the New York Freedom of Information Law ("FOIL") or are otherwise publicly available.

3. Plaintiffs and Plaintiffs' attorney shall not use Confidential Materials produced in discovery in this Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

4. Plaintiffs' attorney shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

a.     Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

b.     Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

c.     Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), Plaintiffs' attorney shall provide each such person with a copy of this Stipulation and Order of Confidentiality, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. Plaintiffs' attorney shall retain the signed consent and furnish a copy to Defendants' attorney upon request at a deposition or immediately before trial, although the name of an expert that plaintiff does not intend to call as a trial witness may be redacted from such a consent before it is produced.

5.     Defendants or their counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by:

(a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the

designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or

(b) notifying the reporter and all counsel of record, in writing, within 30 days of receipt of the transcript, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by City Defendants or that party's counsel.

6.      Inadvertent production of any confidential and/or privileged information shall not constitute a waiver of that information, or subject matter; and upon notification, plaintiff shall promptly return or destroy the specified information and may not use or disclose the information until the claim is resolved.

7.      If Plaintiffs' attorney objects to the designation of any other Confidential Materials deemed confidential, Plaintiffs' attorney shall state such objection in writing to counsel for defendants, and counsel shall in good faith attempt to resolve such conflict.  If the conflict cannot be resolved among counsel, Plaintiffs' attorney shall, within 45 days of the initial objection, request that the Court remove the designation.  Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

8.      Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall comply with the rules for E-Filing Sealed Documents in Civil Cases as set forth by the United States District Court Eastern District of New York.

9.      Nothing in this Stipulation shall be construed to limit Defendants' use of their own Confidential Materials in any manner.

10.     This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

11.     This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by Plaintiffs, or anyone receiving confidential documents pursuant to paragraph "2" herein.

12.   The Court will retain jurisdiction over all persons subject to this

Stipulation to the extent necessary to enforce any obligations arising hereunder or to impose

sanctions for any contempt thereof.

Dated: April 27, 2016
       New York, New York

RYAN LOZAR, ESQ.
The Law Office of Ryan Lozar, P.C.
*Counsel for Plaintiffs*
305 Broadway, 9th Floor
New York, New York 10007

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Counsel for Defendants*
100 Church Street, Room 3-214A
New York, New York 10007

By: _____
        RYAN LOZAR

By: _____
        JOHN L. GARCIA

SO ORDERED:

_____
HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE

DATED: _____

EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Stipulation and Order of Confidentiality entered in the United States District Court for the Eastern District of New York dated April 13, 2015, in the action entitled Darlene Cook, et al. v. City of New York, et al., 15 CV 6559 (ILG) (CLP), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.


_____          _____

          Date                              Signature


                                 _____

                                      Print Name


                                 _____

                                      Occupation