UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

DARLENE COOK and SHAQUEENA COOK,

                                          Plaintiffs,

                    -against-

CITY OF NEW YORK, NYPD OFFICER ARTURO
GOMEZ, Tax No. 954876, NYPD SERGEANT EDWARD
LEISENGANG, Tax No. 938843, ACS CHILD
PROTECTIVE SPECIALIST CERISSA WRIGHT, ACS
CHILD PROTECTIVE SPECIALIST SUPERVISOR
SASHA DAWSON, and JOHN/JANE DOE 1-10,

                                          Defendants.

-------------------------------------------------------------------- x

**ANSWER TO THE SECOND
AMENDED COMPLAINT BY
DEFENDANT DAWSON**

15 CV 6559 (ILG) (CLP)

**JURY TRIAL DEMANDED**

      **PLEASE TAKE NOTICE** that Defendant Sasha Dawson, by her attorney, Zachary W.

Carter, Corporation Counsel of the City of New York, for her answer to the Second Amended

Complaint, respectfully alleges, as follows:[1]

      1.     Denies the allegations contained in paragraph "1" of the Second Amended

Complaint, except admits that Plaintiffs purport to proceed as stated therein.

      2.     Denies the allegations contained in paragraph "2" of the Second Amended

Complaint, except admits that Plaintiffs purport to invoke the jurisdiction of the Court and

proceed as stated therein.

      3.     Denies the allegations contained in paragraph "3" of the Second Amended

Complaint, except admits that Plaintiffs purport to invoke the jurisdiction of the Court as stated

therein.

---

[1] Defendants City of New York, Police Officer Gomez, and Sergeant Leisengang interposed their
Answer to the Second Amended Complaint on April 24, 2017.

4.      Denies the allegations contained in paragraph "4" of the Second Amended Complaint, except admits that Plaintiffs purport to base venue as stated therein.

5.      Paragraph "5" of the Second Amended Complaint contains Plaintiffs' demand for a jury trial, to which no response is required.

6.      Denies the allegations contained in paragraph "6" of the Second Amended Complaint, except admits that on or about March 11, 2014, Plaintiff Darlene Cook resided at 9720 Kings Highway, Apt. SL1, Brooklyn, New York 11212 (hereinafter "9720 Kings Highway").

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Second Amended Complaint, except admits that on or about March 11, 2014, Plaintiff Shaqueena Cook was arrested at or near 9720 Kings Highway.

8.      Denies the allegations contained in paragraph "8" of the Second Amended Complaint, except admits that the City of New York is a municipal corporation duly organized and existing under the laws of the State of New York.

9.      Denies the allegations contained in paragraph "9" of the Second Amended Complaint, except admits that the City maintains a police department, and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between Defendant City and the New York City Police Department ("NYPD").

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Second Amended Complaint as they pertain to unidentified defendants, except denies the remaining allegations therein, except admits that, on or about March 11, 2014, Defendant Gomez was employed by NYPD and held the rank of Police Officer, and Defendant Leisengang was employed by NYPD and held the rank of Sergeant, and

further admits that Plaintiffs purport to sue Defendants Gomez and Leisengang in their individual capacities.

11.     Denies the allegations contained in Paragraph "11" of the Second Amended Complaint, and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between Defendant City and Administration for Children's Services ("ACS").

12.     Denies the allegations contained in paragraph "12" of the Second Amended Complaint, except admits that on March 11, 2014, Sasha Dawson and Cerissa Wright were employed by the City of New York at ACS, and further admits that Plaintiffs purport to sue Defendants Dawson and Wright in their individual capacities.

13.     Denies the allegations contained in paragraph "13" of the Second Amended Complaint insofar as it contains allegations of fact; insofar as it contains conclusions of law, no response is required.

14.     Paragraph "14" of the Second Amended Complaint contains conclusions of law, to which no response is required.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Second Amended Complaint

16.     Denies the allegations contained in paragraph "16" of the Second Amended Complaint, except admits that Defendant Wright was a case worker at the Administration for Children's Services and was assigned to a matter involving Shaqueena Cook from June 24, 2013 through March 11, 2014.

17. Denies the allegations contained in paragraph "17" of the Second Amended Complaint, except admits that Defendant Dawson was employed at the Administration for Children's Services and supervised Defendant Wright on or about March 11, 2014.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Second Amended Complaint as they pertain to Defendant Wright.

19. Denies the allegations contained in paragraph "19" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to Defendant Wright, except admits that in February 2014, Defendants Dawson was aware that Shaqueena Cook was pregnant.

20. Denies the allegations contained in paragraph "20" of the Second Amended Complaint.

21. Denies the allegations contained in paragraph "21" of the Second Amended Complaint.

22. Admits the allegations contained in paragraph "22" of the Second Amended Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Second Amended Complaint as they pertain to Defendant Wright.

24. Denies the allegations contained in paragraph "24" of the Second Amended Complaint, except admits that on or about March 10, 2014, Donna Farray was employed by the City as a member of ACS, and respectfully refers the Court to the memorandum entitled "Newborns Child Safety Alert #14 from Commissioner John B. Mattingly" annexed to Plaintiffs'

Motion to Amend as Exhibit "B" (Civil Docket Entry No. 24-4) for a full and accurate recitation of Safety Alert #14.

25.     Denies the allegations contained in paragraph "25" of the Second Amended Complaint, and respectfully refers the Court to pages two and three of the ACS Records pertaining to Shaqueena Cook annexed to Plaintiffs' Motion to Amend as Exhibit "D" ("hereinafter "ACS Records") (Civil Docket Entry N. 24-6) for a full and accurate recitation of ACS employee Farray's records.

26.     Denies the allegations contained in paragraph "26" of the Second Amended Complaint, and respectfully refers the Court to pages two and three ACS Records for a full and accurate recitation of ACS employee Farray's records.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Second Amended Complaint, except admits that on March 10, 2014, Shaqueena Cook was discharged from Mount Sinai Hospital.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Second Amended Complaint as they pertain to the relationship between Cleopatra Cook and Shaqueena Cook, except admits that Cleopatra Cook died on March 10, 2014.

29.     Denies the allegations contained in paragraph "29" of the Second Amended Complaint, and respectfully refers the Court to the ACS Records for a full and accurate recitation of Defendant Dawson's records.

30.     Denies the allegations contained in paragraph "30" of the Second Amended Complaint, except admits that on or about March 10, 2014, Benjamin Albert-Ann was employed by the City as a member of ACS, that Darlene Cook did not open the door, and further admits

that no warrant had been issued for 9720 Kings Highway, and respectfully refers the Court to the ACS Records for a full and accurate recitation of ACS employee Albert-Ann's records.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Second Amended Complaint as they pertain to the relationship between Plaintiffs.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations the allegations contained in paragraph "32" of the Second Amended Complaint as they pertain to the relationship between Darlene Cook and Cleopatra Cook.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Second Amended Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Second Amended Complaint, except admits that on March 11, 2014, Plaintiffs and Shaqueena Cook's children were present at 9720 Kings Highway.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Second Amended Complaint as they pertain to Defendant Wright.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Second Amended Complaint.

37.     Denies the allegations contained in paragraph "37" of the Second Amended Complaint, except admits that on March 11, 2014, Defendants Wright and Dawson went to 9720 Kings Highway to conduct an emergency removal of Plaintiff Shaqueena Cook's children, and

further admits that Officer Gomez, Sgt. Leisengang, and other NYPD officers arrived on scene after Plaintiffs refused to admits entry to the ACS employees.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Second Amended Complaint, except admits that on March 11, 2014, Defendant Wright spoke with Shaqueena Cook while Defendant Dawson observed.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Second Amended Complaint.

40.     Denies the allegations contained in paragraph "40" of the Second Amended Complaint, except admits on March 11, 2014, Defendants Dawson and Wright informed Plaintiffs that they were there to conduct an emergency removal of Shaqueena Cook's children and that they had the authority to do so without a court order pursuant to the New York Family Court Act § 1024.

41.     Denies the allegations contained in paragraph "41" of the Second Amended Complaint, except admits that Sgt. Leisengang instructed NYPD officers to place Plaintiffs under arrest, and Officer Gomez was the assigned arresting officer.

42.     Denies the allegations contained in paragraph "42" of the Second Amended Complaint, except admits that on March 11, 2014, eventually members of NYPD and ACS employees gained access to 9720 Kings Highway to remove Shaqueena Cook's children.

43.     Denies the allegations contained in paragraph "43" of the Second Amended Complaint.

44.     Denies the allegations contained in paragraph "44" of the Second Amended Complaint.

45.     Denies the allegations contained in paragraph "45" of the Second Amended Complaint, except admits that on March 11, 2014, Darlene Cook was charged with Obstruction of Governmental Administration ("OGA") and Shaqueena Cook was charged with OGA and resisting arrest.

46.     Denies the allegations contained in paragraph "46" of the Second Amended Complaint, except admits that, on March 11, 2014, Plaintiff Darlene Cook was in custody for approximately 21 hours and 14 minutes, and Plaintiff Shaqueena Cook was in custody for approximately 20 hours and 59 minutes.

47.     Denies the allegations contained in paragraph "47" of the Second Amended Complaint, except admits that on July 30, 2014, Darlene Cook accepted an Adjournment in Contemplation of Dismissal, and that Shaqueena Cook accepted an Adjournment in Contemplation of Dismissal on March 12, 2014.

48.     Denies the allegations contained in paragraph "48" of the Second Amended Complaint.

49.     Denies the allegations contained in paragraph "49" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

50.     Denies the allegations contained in paragraph "50" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

51.     Denies the allegations contained in paragraph "51" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

52.     Denies the allegations contained in paragraph "52" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

53.     Denies the allegations contained in paragraph "53" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

54.     The allegations contained in paragraph "54" of the Second Amended Complaint insofar are conclusions of law, to which no response is required.

55.     Denies the allegations contained in paragraph "55" of the Second Amended Complaint.

56.     Denies the allegations contained in paragraph "56" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

57.     Denies the allegations contained in paragraph "57" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

58.     Denies the allegations contained in paragraph "58" of the Second Amended Complaint, except admits that Plaintiffs purport to seek the relief stated therein.

59.     In response to the allegations contained in paragraph "59" of the Second Amended Complaint, Defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully contained herein.

60.     Denies the allegations contained in paragraph "60" of the Second Amended Complaint.

61.     Denies the allegations contained in paragraph "61" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

62.     Denies the allegations contained in paragraph "62" of the Second Amended Complaint.

63.     In response to the allegations contained in paragraph "63" of the Second Amended Complaint, Defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully contained herein.

64.     Denies the allegations contained in paragraph "64" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

65.     Denies the allegations contained in paragraph "65" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

66.     Denies the allegations contained in paragraph "66" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

67.     Denies the allegations contained in paragraph "67" of the Second Amended Complaint.

68.     In response to the allegations contained in paragraph "68" of the Second Amended Complaint, Defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully contained herein.

69. Denies the allegations contained in paragraph "69" of the Second Amended Complaint insofar as it contains averments of fact; insofar as paragraph "69" contains conclusions of law, no response is required.

70. Denies the allegations contained in paragraph "70" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

71. The allegations contained in paragraph "71" of the Second Amended Complaint are conclusions of law, to which no response is required.

72. Denies the allegations contained in paragraph "72" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

73. Denies the allegations contained in paragraph "73" of the Second Amended Complaint.

74. In response to the allegations contained in paragraph "74" of the Second Amended Complaint, Defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully contained herein.

75. Denies the allegations contained in paragraph "75" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

76. Denies the allegations contained in paragraph "76" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

77.     Denies the allegations contained in paragraph "77" of the Second Amended Complaint.

78.     In response to the allegations contained in paragraph "78" of the Second Amended Complaint, Defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully contained herein.

79.     Denies the allegations contained in paragraph "79" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

80.     Denies the allegations contained in paragraph "80" of the Second Amended Complaint.

81.     Denies the allegations contained in paragraph "81" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

82.     Denies the allegations contained in paragraph "82" of the Second Amended Complaint.

83.     In response to the allegations contained in paragraph "83" of the Second Amended Complaint, Defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully contained herein.

84.     Denies the allegations contained in paragraph "84" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

85.     Denies the allegations contained in paragraph "85" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

86.     Denies the allegations contained in paragraph "86" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

87.     Denies the allegations contained in paragraph "87" of the Second Amended Complaint.

88.     In response to the allegations contained in paragraph "88" of the Second Amended Complaint, Defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully contained herein.

89.     Denies the allegations contained in paragraph "89" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

90.     Denies the allegations contained in paragraph "90" of the Second Amended Complaint.

91.     Denies the allegations contained in paragraph "91" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

92.     Denies the allegations contained in paragraph "92" of the Second Amended Complaint.

93.     In response to the allegations contained in paragraph "93" of the Second Amended Complaint, Defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully contained herein.

94.     Denies the allegations contained in paragraph "94" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

95.     Denies the allegations contained in paragraph "95" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

96.     Denies the allegations contained in paragraph "96" of the Second Amended Complaint.

97.     Denies the allegations contained in paragraph "97" of the Second Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

98.     Denies the allegations contained in paragraph "98" of the Second Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE:

99.     The Second Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

100.     There was probable cause for Plaintiffs' arrests, detentions, and prosecutions.

## THIRD AFFIRMATIVE DEFENSE:

101.    Any injury alleged to have been sustained resulted from Plaintiffs' own culpable or negligent conduct, or the culpable or negligent conduct of third-parties, and was not the proximate result of any act of Defendants.

## FOURTH AFFIRMATIVE DEFENSE:

102.    Defendant Dawson has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or acts of Congress providing for the protection of civil rights.

## FIFTH AFFIRMATIVE DEFENSE:

103.    Defendant Dawson has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

## SIXTH AFFIRMATIVE DEFENSE:

104.    At all times relevant to the acts alleged in the Second Amended Complaint, Defendant Dawson has acted reasonably in the proper and lawful exercise of her discretion.

**WHEREFORE,** Defendant Sasha Dawson requests judgment dismissing the Second Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 16, 2017

**ZACHARY W. CARTER**
Corporation Counsel of the City of New York
*Attorney for Defendants City, Gomez, Leisengang,*
*and Dawson*
100 Church Street
New York, New York 10007
(212) 356-5053

By:

John L. Garcia
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:     Ryan Lozar, Esq. (via ECF)
*Attorney for Plaintiffs*
305 Broadway, 10th Floor
New York, New York 10007

- 16 -