The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax (877) 666-4456
ryanlozar@gmail.com
www.ryanlozar.com/www.luchaportusderechos.com



AUGUST 30, 2017

The Honorable Cheryl L. Pollak
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     Cook v. City of N.Y., No. 15 Civ. 6559 (ILG) (CLP)

Dear Judge Pollak:

  I am Plaintiffs' Counsel in the above-captioned Section 1983 action. I submit this status report in advance of the Court's in-person conference with the Parties tomorrow, August 31, 2017. Among the issues the Parties anticipate discussing with the Court are: (1) the Proposed Protective Order; (2) a release issue involving Plaintiff Darlene Cook; and (3) the remainder of the discovery schedule. What follows is a brief summary of these subjects.

  I.     **Protective Order**

  The Parties previously submitted a Proposed Protective Order to the Court for review and endorsement. Docket No. 44. The Court directed the Parties to produce a new version that complied with relevant law summarized in Cumberland Packing Corp. v. Monsanto Corp., 184 F.R.D. 504 (EDNY 1999). Docket No. 48. Last week Thursday, after weeks of discussion, Defendants provided Plaintiffs with their proposed draft to begin development of that document. Plaintiffs served Defendants with edits and comments, and Defendants returned their own. I have attached the Defendants' document. Exh. 1. The document at Exhibit 1 includes some of Plaintiffs' second-round edits and comments to that document and, in this status report, I have elaborated upon the substantive differences of opinion between the Parties. After conference with the Court to gain its view, the Parties will submit a clean and executed version for review and hopeful entry.

    a. **Plaintiffs contest the arbitrary fifteen-day objection waiver period as written as inconsistent with Cumberland.**

  Cumberland recognizes the public's longstanding qualified common law right to inspect "judicial documents," which through public and professional monitoring holds federal courts accountable for conscientious, reasonable and honest exercise of Article III powers. See id. A document only becomes a "judicial document"—giving rise to the presumptive public right to inspection—when it becomes relevant and useful to the federal courts' performance of their Article III function. See id. Even then, the public right to inspect is only presumptive, and a private party may show that good cause exists for a particular judicial document's confidential treatment. See id. Whether this burden is met with respect to a specific judicial document depends upon the centrality of that judicial document to the adjudicatory process. See id.

At ¶ 8, Defendants propose that a Party objecting to a Confidential-Materials designation be contractually bound to raise the issue with the Court within fifteen (15) days of raising the objection informally with the Adverse Party. Given that the factors bearing on the question of the public's qualified right to inspect a judicial document are dynamic, Plaintiffs argue that the 15-day waiver provision is incompatible with Cumberland. A time-based objection waiver ignores that the merits of such an objection change with time. Again, Cumberland stresses that it is only with the passage of time that a document may become a judicial document; then, the judicial document's centrality to the adjudicatory process manifests in unexpected ways and in different contexts as the litigation unfolds.

Insofar as the 15-day waiver period operates as an arbitrary procedural rule that abrogates the likelihood of a substantive review of whether the presumptive public right to inspect judicial documents must bend to asserted confidentiality interests, Plaintiffs argue that it is improper. The removal of the procedural provision from the Protective Order does not weaken or alter Defendants' ability to obtain confidential treatment of deserving documents on good cause shown. Its removal only assures that proper analysis of the question will be performed whenever the issue ripens.

### b. Motion for Leave to File a Sealed Document.

In ¶ 12, Defendants propose that the Parties shall file no materials under seal unless the Court has issued an order approving the filing. Plaintiffs argue that this provision is contrary to the Eastern District of New York's rules, and that the Parties may not contract around the Court's own directives. Those directives require that attorneys seeking to file a document under seal use the ECF event "Motion for Leave to File a Sealed Document" and append the document as an exhibit. The motion exhibit is sealed and remains sealed. If the motion is denied, the document exhibit remains sealed and the Party must choose, in light of the Court's decision, whether to file the document publicly or not at all. See https://img.nyed.uscourts.gov/files/forms/EfilingSealedCV.pdf; Exh. 2.

### c. Disclosing Party/Receiving Party.

Defendants would like the Protective Order to be framed in terms that imply that its protections apply only to them, and violations may be enforced only as against Plaintiffs. Plaintiffs propose using language establishing that the Protective Order imposes equivalent obligations upon the Parties through the use of the terms "Disclosing Party" and "Receiving Party."

## II. Darlene Cook General Release

Last week Friday, after the Parties' actively litigation of this suit since November 2015, Defendants produced a release that Darlene Cook signed in December 2015 while represented by another attorney in connection with a different claim. Exh. 3. The Parties will address the newly-emerged issue with the Court during the conference; in light of Defendants' late-stage production of the release, Darlene Cook has not yet formulated a response. Assuming, arguendo, that Darlene Cook's claim is dismissed, Shaqueena Cook's claims remain.

### III.   Remainder of Pre-Trial Schedule

With respect to the status of discovery generally, Defendants have now taken the depositions of Plaintiffs. I note that on July 11, 2017, I produced Shaqueena Cook for deposition from 9:50 a.m. until 5:10 p.m.—seven hours and twenty minutes. Defendants started the proceeding one hour late for the morning session, and forty-five minutes late for the afternoon session. They accordingly claim that they are entitled to additional deposition of Shaqueena Cook. I have agreed to a limited supplemental deposition on September 7, 2017.

Plaintiffs have not yet taken Defendants' depositions due to the pending entry of the Protective Order, and Defendants' unwillingness to produce certain records until the Order is in place. Assuming Defendants produce the records requested once the Order is in place, Plaintiffs will proceed to take Defendants' depositions so that the Parties can conclude discovery and proceed to summary judgment or trial, as the case may be.

Sincerely,

Ryan Lozar
Attorney for Plaintiffs