UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

DARLENE COOK and SHAQUEENA COOK,

                                                 Plaintiffs,

-against-

CITY OF NEW YORK, P.O. ARTURO GOMEZ, Tax No. 954876, P.O. EDWARD LIESENGANG, Tax No. 938843, SASHA DAWSON, CERISSA WRIGHT, JOHN/JANE DOES 1-10,

                                                 Defendants.
------------------------------------------------------------------x

**STIPULATION AND ORDER OF CONFIDENTIALITY**

15 CV 6559 (ILG) (CLP)

       **WHEREAS**, a party seeks to obtain certain documents from the other pursuant to the Federal Rules of Civil Procedure that it deems to be confidential or otherwise inappropriate for public disclosure; and

       **WHEREAS**, the party will only produce these documents if appropriate protection for their confidentiality is assured; and

       **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the attorneys for Plaintiffs and Defendants, as follows:

       1.    As used herein, "Action" shall mean the pending action between Plaintiffs and Defendants captioned <u>Darlene Cook, et al. v. City of New York, et al.</u>, 15 CV 6559 (ILG) (CLP).

2. As used herein, "Confidential Materials" shall mean:[1]

a. New York City Police Department ("NYPD") personnel and employment history and records;

b. New York City Administration for Children's Services ("ACS") personnel and employment history and records;

c. NYPD disciplinary-related records and information regarding the conduct of Members of Service of the NYPD conducted by NYPD, the Civilian Complaint Review Board, or other agencies;

d. NYPD training materials, including, but not limited to, the Administrative Guide, Operation Orders, bulletins, training manuals, and directives; and

e. ACS case records and New York State Family Court records relating to Plaintiffs and/or Plaintiff Shaqueena Cook's children.

3. Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the Parties or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they are otherwise publicly available.

4. The documents and information as defined in paragraph "2" shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained from sources other than the parties, or (b) are otherwise publicly available.

---

[1] By listing the type of documents in paragraph "2", the Parties are not waiving their right to interpose objections to any requests for the documents itemized therein. The Parties reserve the right to object or withhold documents to any request for same.

5. The Parties and their attorneys shall not use Confidential Materials produced in discovery in this Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

6. Any documents produced by a non-party pursuant to a subpoena in this Action and that are designated as Confidential Material by a Party shall be governed by the terms of this Stipulation and of Order Confidentiality.

7. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, its subject matter, the information contained therein, or of the disclosing party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

8. If any party objects to the designation of any Confidential Materials as confidential, said party shall state such objection in writing to the adverse party or parties, or to counsel for the adverse party or parties, and the parties shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among the parties, the objecting party shall, within 45 days of the initial objection, request that the Court remove the designation. Any such materials or information shall remain Confidential until the parties resolve the conflict or the Court issues its ruling resolving the conflict.

9. The parties reserve the right to designate any document confidential pursuant to this agreement if necessary after production of such documents to Plaintiff. The party designating records as Confidential Materials after their production must place the adverse

party on clear notice of the post-production designation, including but not limited to reproducing the production with the relevant marking.

10. No party's attorney shall disclose the Confidential Materials to any person other than a party, an attorney of record for that party, any member of the staff of that attorney's office, or an employee or member of NYPD or ACS, except under the following conditions:

    a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

    b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

    c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the attorney making the disclosure shall provide each such person with a copy of this Stipulation and Order of Confidentiality, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. The attorney making the disclosure shall retain the signed consent and furnish a copy to the adverse party or parties' attorney upon request at a deposition or immediately before trial, although the name of an expert

that the attorney does not intend to call as a trial witness may be redacted from such a consent before it is produced.

11. Any party or their counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all parties, in writing, within 30 days after a deposition has concluded (during which time the entire deposition will be considered "Confidential"), of the specific pages and lines of the transcript that are to be designated "Confidential," in which event the parties receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party or their counsel.

12. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request, or shall make an application to the Court to have the relevant materials de-designated as confidential, pursuant to Paragraph "8" of this Stipulation. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the rules of the District Court in which the Action is filed and/or the Individual Rules of the judge to whom the papers are directed.

13. Where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of personal, confidential

and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

14. In addition, where reasonable advance notice is given and the parties agree in writing to the use of the confidential information in support of a motion, such information will not be subjected to the instant protective order. In the event that the Confidential Materials may be disclosed at a hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

15. Within 30 days after the termination of this case, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to the attorney who disclosed the materials or, upon that attorney's consent, destroyed (except as to privilege material which shall be destroyed), and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the attorney who disclosed the materials.

16. This Stipulation and Order of Confidentiality will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this Stipulation and Order of Confidentiality, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by any party, or anyone receiving confidential documents pursuant to paragraph "6" herein, for any purpose without prior Court approval.

17. Nothing in this Stipulation shall be construed to limit the Parties' use of their own Confidential Materials in any manner.

18. The Court reserves the right, in its sole discretion, to modify this Stipulation and Order of Confidentiality at any time.

19. The Court will retain jurisdiction over all persons subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

20. This Stipulation and Order of Confidentiality may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Confidentiality and Protective Order, which shall be binding upon and effective as to all Parties.

Dated: September 8, 2017
      New York, New York

| | |
|---|---|
| RYAN M. LOZAR, ESQ. | ZACHARY W. CARTER |
| The Law Office of Ryan Lozar, P.C. | Corporation Counsel of the City of New York |
| *Attorney for Plaintiffs* | *Attorney for Defendants* |
| 305 Broadway, 9th Floor | 100 Church Street, Room 3-214A |
| New York, New York 10007 | New York, New York 10007 |
| By: _____ | By: _____ |
|     RYAN M. LOZAR |     JOHN L. GARCIA |

SO ORDERED:

/S/ Cheryl Pollak
_____
HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE

DATED: 9/8/17

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Stipulation and Order of Confidentiality entered in the United States District Court for the Eastern District of New York dated September 8, 2017, in the action entitled <u>Darlene Cook, et al. v. City of New York, et al.</u>, 15 CV 6559 (ILG) (CLP), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____          _____
Date                                                          Signature

                                                              _____
                                                              Print Name

                                                              _____
                                                              Occupation