

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

JOHN L. GARCIA
*Assistant Corporation Counsel*
phone: (212) 356-5053
fax: (212) 356-3509
johgarci@law.nyc.gov

October 6, 2017

**VIA ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Darlene Cook, et al. v. City of New York, et al.</u>
            15-CV-6559 (ILG) (CLP)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to represent Defendants City of New York, Police Officer Arturo Gomez, Sergeant Edward Leisengang, Sasha Dawson, and Cerissa Wright in the above-referenced matter. Defendants write to respectfully request that the Court relieve them of their obligation to provide for *in camera* review the personnel files of Sasha Dawson and Cerissa Wright (collectively the "ACS defendants").

      In this litigation, Plaintiffs Darlene Cook and Shaqueena Cook allege, among other claims, that, on or about March 11, 2014, they were falsely arrested by members of the New York City Police Department ("NYPD") and by employees of New York City Administration of Children's Services ("ACS") during the allegedly unlawful emergency removal of Shaqueena Cook's children by the ACS defendants. On February 24, 2016, Plaintiffs requested production of the ACS defendants' personnel files. On June 3, 2016, Defendants interposed objections, including that the request was not proportional to the needs of the case, overbroad, not relevant, and implicates the privacy interests of the ACS Defendants. On September 22, 2017, the parties met and conferred with respect to this dispute. Later that same day, Plaintiffs moved the Court to review the ACS personnel files *in camera*. (Civil Docket Entry No. 53.)

      At the meet and confer, and contrary to Plaintiffs' representations in their September 22nd application to the Court, Defendants informed Plaintiffs that the ACS defendants do not have any disciplinary records in their personnel files for the instant matter or any other matter. Defendants also advised Plaintiffs that the ACS defendants' personnel files did not contain information or documents relevant to the underlying claims in this action.

Although Plaintiffs are correct that Cerissa Wright was listed as dismissed from ACS in the City Register, that fact alone does not warrant an *in camera* review of hundreds of pages that do not pertain to her dismissal. In fact, late afternoon on Wednesday October 4, 2017, Defendants received a letter from ACS regarding Ms. Wright's separation from the agency. This letter answers Plaintiff's query concerning the reason behind Ms. Wright's "dismissal," which was not the result of any disciplinary action. Defendants provided a courtesy copy of this letter to Plaintiffs' counsel yesterday, October 5, 2017. Counsel for Plaintiffs has not yet indicated whether this letter is satisfactory to him, nor has he responded to Defendants' request for consent to this application. Plaintiffs have the <u>one</u> page that should resolve this discovery dispute. Thus, the Court's *in camera* review of <u>hundreds</u> of pages would be a waste of judicial resources.

Further, an *in camera* review of those personnel files should not be completed until Plaintiffs have more than mere speculation as to their relevance. Plaintiffs' counsel has no evidence contrary to Defense counsel's representation that the files are not relevant, and do not contain any disciplinary records or information pertaining to this case. At this point, Plaintiffs' prior Document Request, which precipitated this discovery dispute, to produce hundreds of pages of personnel files was and remains nothing more than the classic "fishing expedition" prohibited by Rule 26(b) of the Federal Rules of Civil Procedure. See <u>Goodloe v. City of New York</u>, 136 F. Supp. 3d 283, 291 (E.D.N.Y. 2015) (quoting <u>Annunziato v. Collecto, Inc.</u>, 296 F.R.D. 112, 120 (E.D.N.Y. 2013)) ("The party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition."). Plaintiffs can take the ACS defendants' depositions, which is a far more practical method of obtaining the information sought than an *in camera* review.

With respect to the disciplinary records of the NYPD defendants, Defendants agree with Plaintiffs that this issue is not ripe to be presented to Your Honor. Defendants are producing by next Wednesday October 12, 2017, seven closing reports of IAB files that Plaintiffs believe they may request in full. The closing memoranda that will be produced will enable Plaintiffs to make an informed decision on whether or not they will make further document requests. Thereafter, Defendants will interpose a response to any further request.

For the foregoing reasons, Defendants respectfully request that the Court relieve them of their obligation to provide for *in camera* review the personnel files of the ACS defendants.

Defendants thank the Court for its consideration of this matter.

Respectfully submitted,

John L. Garcia
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: Ryan Lozar, Esq. (by ECF)
*Attorney for Plaintiffs*
305 Broadway, 9th Floor
New York, New York 10007