UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DARLENE COOK *et ano.*,

                Plaintiffs,

    -against-                                  **ORDER**
                                                    15 CV 6559 (CLP)

CITY OF NEW YORK *et al.*,

                Defendants.
----------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

        Plaintiff seeks an Order compelling defendant Cerissa Wright to appear for a deposition in this matter on June 4, 2018 at 10:00 a.m. at 305 Broadway, 14th Floor, New York, NY 10007. (See Pl.'s Mot. to Compel at 1, 3, May 22, 2018, ECF No. 74). Ms. Wright has previously failed to appear for at least two scheduled depositions, including one on April 20, 2018 at which the Court had Ordered her to appear. (See id. at 2; Minute Entry, Apr. 6, 2018, ECF No. 67 (ordering Ms. Wright's deposition to take place on April 20, 2018)). Ms. Wright also failed to appear for a properly noticed deposition on May 7, 2018, despite being served with a subpoena commanding her to appear, which should have been unnecessary in light of her status as a party. See 8A Charles A. Wright *et al.*, Federal Practice & Procedure § 2106 (3d ed., Apr. 2018 update) (explaining that "[i]f a party is to be examined, the notice [of deposition under Rule 30] is sufficient to require the party's attendance"); cf. Chevron Corp. v. Salazar, 275 F.R.D. 422, 425 (S.D.N.Y. 2011) (observing that unlike parties, "nonparties . . . are not subject to deposition merely by the service of a notice" and thus "[s]ervice of a subpoena would be necessary").

        When "a party . . . fails, after being served with proper notice, to appear for that person's deposition," a court may impose sanctions, including striking the non-compliant party's pleadings and entering default judgment against the party. See Fed. R. Civ. P. 37(d)(1)(A)(i),

1

(3); id. R. 37(b)(2)(A)(i)-(vi). Additionally, "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure to act[.]" Fed. R. Civ. P. 37(d)(3). Moreover, where a party fails to attend a deposition in violation of a court order, the failure to attend the deposition may also be treated as contempt of court. See Fed. R. Civ. P. 37(b)(2)(A)(vii).

In light of Ms. Wright's repeated failures to appear for her deposition in this matter, the Court grants plaintiff's motion to compel Ms. Wright's attendance at deposition. Thus, defendant **CERISSA WRIGHT** is ORDERED to appear for her deposition as follows:

|  |  |
|---|---|
| DATE: | **June 4, 2018** |
| TIME: | **10:00 a.m.** |
| LOCATION: | Office of Ryan Lozar, Esq.<br>305 Broadway<br>14th Floor<br>New York, NY  10007 |

Ms. Wright is also Ordered to produce at the deposition the documents listed in the Notice of Deposition dated May 22, 2018.  (See Notice of Deposition, May 22, 2018, ECF No. 74-3).

**If CERISSA WRIGHT fails to appear for her deposition as Ordered herein, the Court will impose sanctions, including monetary sanctions, and may recommend that her pleadings be stricken and that default judgment be entered against her.  Moreover, failure to attend may result in an Order requiring her to appear before this Court to show cause why she should not be held in contempt for disobeying the Court's Orders.**

Plaintiff also seeks leave to move for sanctions as a result of Ms. Wright's failure to attend previously scheduled depositions.  (See Pl.'s Mot. to Compel at 2).  Should Ms. Wright fail to appear as Ordered for her deposition on June 4, 2018, plaintiff may seek sanctions immediately.  If, however, Ms. Wright does appear as Ordered, the Court will decide whether to

permit the proposed motion for sanctions after discussing the matter with the parties at the next conference, which is currently scheduled for June 21, 2018 at 9:00 a.m. (See Electronic Order, May 18, 2018).

Counsel for defendant Cerissa Wright is directed to serve a copy of this Order on Ms. Wright by e-mail and by Certified Mail, Return Receipt Requested. Ms. Wright's counsel shall also communicate the substance of this Order to Ms. Wright by phone. Ms. Wright's counsel is directed to file a certificate attesting to such service within seven (7) days.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
      May 24, 2018

                                            /s/ Cheryl L. Pollak
                                        Cheryl L. Pollak
                                        United States Magistrate Judge
                                        Eastern District of New York