The Law Office of Ryan Lozar, P.C.
305 Broadway, 14th Floor; New York, NY 10007
Tel: 1-310-867-1562; Fax 1-877-666-4456
ryanlozar@gmail.com



November 7, 2018

Re:   Cook et al., v. City of NY, et al., No. 15 Civ. 6559 (ILG) (CLP)

Dear Judge Pollak:

   I represent Plaintiffs in this Section 1983 action alleging, inter alia, false arrest, due process, unlawful entry arising from Defendants' claimed "emergency" removal of Shaqueena Cook's (SC) children CC and MC from Darlene Cook's (DC) home in March 2014.  Plaintiffs allege that the removal without a Court Order was also without emergency cause (as Defendants claim).  Plaintiffs were arrested during the incident for OGA and, in SC's case, resisting arrest.  The charges were later dismissed.

   I write to register Plaintiffs' opposition to one of two Defense requests made in their motion dated Nov. 2, 2018.  Docket No. 85.  As Defendants have noted, Plaintiffs consent to the second of two Defense requests made in that motion—their request for extension of time to produce a limited subset of ACS records from 2012 and one from April 2013 that they located in a *different* ACS file than the one that is addressed in the balance of this letter opposition.

   As the Court will recall, on August 31, 2018, Plaintiffs moved to compel certain discovery.  Docket No. 78.  Plaintiffs' motion sought a Court Order directing production of various records.  It is unnecessary to itemize all of these here because Plaintiffs' motion also noted that ACS Defendants' and non-party ACS witnesses' deposition testimony identified the existence of a heretofore unproduced physical ACS file relating directly to 2013 and 2014 events contested in this litigation and which likely contained many if not all of the specific documents that are the subject of remaining Party dispute (hereinafter "the 2013-2014 file").  Id.

   Defendants opposed Plaintiffs' motion, Docket No. 80, and the Court held related conference on October 10, 2018, Docket Entry 10/10/2018.  At that conference, Plaintiffs argued the centrality of the 2013-2014 file to this case, and Defendants told the Court that a non-party former ACS employee last had the 2013-2014 file in his/her possession and claimed to have lost the entire 2013-2014 file.  The entire file.

   The Court granted Plaintiffs' motion in part and denied it in part.  Docket No. 82.  As for the 2013-2014 file, the Court directed Defendants to either produce it or to submit a subpoena for the Court to so-order in the name of the alleged non-party former ACS employee who last had it and who claims to have lost it.  Id.  The subpoena would direct the non-party former ACS employee to produce it by a date certain; if s/he failed to do so, the Parties could seek an enforcement order from the Court.

   Defendants have not produced the 2013-2014 file.  Nor have they submitted the subpoena for so-ordering.  Instead, they ask the Court to relieve them from submitting the subpoena as directed in the Court's October 10, 2018, Order.

First, Defendants say that the relief sought is justified because they obtained the above-mentioned handful of 2012 records and one April 2013 record from a different file. But that file and those records, unlike the missing 2013-2014 file and its component records, do not squarely address the events at issue in this case. As Plaintiffs previously argued in obtaining the standing Order from which Defendants ask to be relieved, <u>the 2013-2014 file contains the information that this case is about</u>. Defendants' reference to a different file is a red herring.

Next, Defendants argue that the Court should relieve them from the Order as it pertains to finding the 2013-2014 file because they will try to find all missing records another way. A request to be relieved from the Order on this basis puts the cart before the horse and threatens to delay an already rather-aged litigation, particularly where Defendants have not been particularly forthcoming about the missing physical 2013-2014 file or many of the records contained therein until depositions revealed this gaping hole in discovery.

Finally, and as the Court may recall, Defendants argued at October 10, 2018, conference that many records could conceivably be lost forever because they might have only been stored inside the missing 2013-2014 physical file. Taking Defendants at their word, Plaintiffs are entitled to discover how the 2013-2014 file and its ingredient records went missing. Defendants' compliance with the Court's Order moves in the direction of that fair opportunity; relieving Defendants from the Order moves away from it.

In summary, Plaintiffs vigorously object to Defendants' unsupported request that they should be relieved from the Court's Order dated October 10, 2018. For the sake of brevity and because Plaintiffs suspect that the Court will recall the circumstances giving rise to that Order in the first instance, Plaintiffs have limited their discussion here. Should the Court need or want additional information in weighing the contested aspect of Defendants' motion, Plaintiffs ask for the opportunity to provide it on request.

Sincerely,

Ryan Lozar
Attorney for Plaintiffs